### UNITED STATES

v.

**Airman First Class Don K. GILES, FR 555–86–9722 United States Air Force.**

### ACM S25415.

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 May 1981.

Decided 7 May 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain William H. Lamb.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before MILES, Senior Judge, and KASTL and RAICHLE, JJ.

## DECISION

RAICHLE, Judge:

Despite his pleas, the accused was convicted by special court-martial, with members, of striking, willfully disobeying, and showing disrespect toward his superior noncommissioned officer, all in violation of Article 91, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 891. The approved sentence is a bad conduct discharge and reduction to airman basic.

Appellate defense counsel urge that the military judge erred by refusing to admit defense evidence of *specific* instances of conduct tending to show the accused's character for peaceableness. Applying Mil.R. Evid. 404 and 405, we reject this contention.

---

1. Rule 404 states, in pertinent part:

    (a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

In defending the assault charge, A1C Giles interposed the defense of self-defense and offered evidence of his trait of peaceableness through a stipulation of expected testimony of his mother and the testimony of a coach for whom the accused had umpired baseball games. The military judge admitted those portions of the stipulation that expressed Mrs. Giles' opinion that her son was peaceable, but refused to admit evidence of the specific instances on which that opinion was based. The baseball coach testified as to his opinion that the accused was peaceable, but was not allowed to relate any specific instances of such peaceable conduct.

### I

Mil.R.Evid. 404 deals with the admissibility of character evidence.[1] The general rule is that evidence of a person's character will not be admitted in order to prove that he or she acted in conformity therewith. However, exception (1) to the rule allows an accused to show that he possesses a trait of character which would make it less likely that he committed the offense charged. Fed.R.Evid. 404 advisory committee note; S. Saltzburg & K. Redden, Federal Rules of Evidence Manual 130 (2nd ed. 1977). This showing is subject only to the relevancy requirements of Mil.R.Evid. 402.

There can be no doubt that an accused's propensity to be peaceable is relevant as to whether or not he acted in self-defense in an assault case. *United States v. Iturralde-Aponte,* 1 M.J. 196 (C.M.A.1975); see *United States v. Credit,* 8 M.J. 190 (C.M.A.1980). Thus, evidence of the accused's character trait of peaceableness was admissible under Mil.R.Evid. 404.

Once it is established that evidence of a trait of character is admissible, a different

---

(1) *Character of the accused.* Evidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same.

rule comes into play. Mil.R.Evid. 405 determines what methods of proof may be used.[2] That rule distinguishes between two generally recognized ways in which character evidence is used in a case. Subparagraph (a) addresses character used circumstantially and subparagraph (b) speaks to character in issue.

Character is used circumstantially to show that a person possessed a certain trait of character and that it is thus likely that he acted in conformity with that trait on a particular occasion. Illustrations of this use of character are situations where evidence is offered to show that the accused was a truthful person in a perjury case or that he was an honest person in a larceny case. When character is used circumstantially subparagraph (a) of the rule allows proof of the trait of character to be in the form of opinion and reputation evidence only. This is to avoid digression from the essential issues of a case and endless conflicts of evidence concerning events only remotely relevant.

Character is in issue when a trait of character itself is an essential element of an offense or defense. This use of character appears to have little application under the UCMJ. Examples of this second category include those situations where a prior crime is an element of a later offense (such as in a trial for being a habitual criminal) or where a statute specifies the chastity of the victim as an element of the crime of seduction. When character is in issue subparagraph (b) of the rule allows proof of the trait of character to be in the form of opinion and reputation, and specific instances of conduct in conformity with the trait may be elicited.

## II

■ Given the foregoing definitions, we hold that the character trait of peaceable-

**2.** Rule 405 states, in pertinent part:
(a) *Reputation or opinion.* In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

ness is not an element of self-defense. Manual for Courts-Martial, 1969 (Rev.), paragraph 216c. Therefore, evidence of peaceableness could only be used circumstantially to show it was unlikely that the accused would have assaulted anyone. Thus, the trait of peaceableness could be shown here through reputation and opinion testimony but not through specific acts of conduct. Accordingly, the judge did not err in excluding evidence of specific acts of peaceable conduct.

We have considered the Motion to File Attached Response to the Post-Trial Advice Pursuant to Rule 23 and the appellate defense brief addressing sentence appropriateness. Issues raised in both are resolved adversely to the accused. The findings of guilty and sentence are

AFFIRMED.

MILES, Senior Judge, and KASTL, Judge, concur.

(b) *Specific instances of conduct.* In cases in which character or a trait of character of a person is an essential element of an offense or defense, proof may also be made of specific instances of the person's conduct.