**UNITED STATES, Appellee,**

v.

**Kurt G. SCHELKLE, Major, U.S. Air Force, Appellant.**

No. 96–0220.
Crim.App. No. 31105.

U.S. Court of Appeals for the Armed Forces.

Argued Nov. 5, 1996.

Decided Sept. 12, 1997.

Certiorari Denied Jan. 20, 1998.
See 118 S.Ct. 857.

For Appellant: *Captain Michael L. McIntyre* (argued); *Colonel Jay L. Cohen* (on brief); *Colonel David W. Madsen* and *Lieutenant Colonel Kim L. Sheffield.*

For Appellee: *Captain Deborah M. Carr* (argued); *Colonel Jeffery T. Infelise, Lieutenant Colonel Michael J. Breslin,* and *Major John H. Kongable* (on brief); *Colonel Theodore J. Fink.*

Sullivan, J., filed opinion concurring in the result.

Effron, J., filed opinion concurring in the result.

### Opinion of the Court

COX, Chief Judge:

A general court-martial comprised of members convicted appellant, contrary to his pleas, of a single specification of wrongfully using marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. Sitting at Hanscom Air Force Base, Massachusetts, the court-martial sentenced appellant to dismissal from the service. The convening authority approved the sentence, and the Court of Criminal Appeals affirmed in an unpublished opinion.

The issue in this case is whether the military judge erred in redacting certain passages from a group of letters introduced on the merits by the defense to support appellant's character.[1] The redacted passages are these:

Defense Exhibit (D.E.) R: In all my experiences with Kurt Schelkle, I've never known him to use or be in any way involved with marijuana or illegal drugs.

WITNESS STATEMENTS IN WHICH EACH SAID THEY HAD NEVER SEEN OR KNOWN APPELLANT TO HAVE USED DRUGS.

1. We granted this issue for review:
WHETHER THE MILITARY JUDGE ERRED, TO THE PREJUDICE OF APPELLANT, BY EXCLUDING EVIDENCE FROM DEFENSE

D.E. S: I have never known Major Schelkle to use illegal drugs; in fact, I haven't even known him to excessively use alcohol.

D.E. T: I have never observed or known any-thing that would have led me to believe that Major Schelkle was using or involved with any illegal substances.

D.E. U: Over the years I have never known Kurt to use marijuana or any other illegal substance. On the social occasions that we've been together, he has never over-indulged in alcohol. He would usually have only two or three beers over the course of the evening. He has been very moderate in the use of alcohol.

D.E. V: In all my contact with Major Schelkle, I have never known him to use or be involved in any illegal drugs. Whenever I've been in Kurt's company, I have never known him to even misuse alcohol.

D.E. W: I have never known Major Schelkle to use or be involved in illegal drugs.

Defense counsel agreed that the references to alcohol were irrelevant to this proceeding.

Although appellant was convicted largely on the basis of a random urinalysis, a major trial dynamic—injected preemptively into the proceedings by the defense—centered around evidence of appellant's consciousness of guilt, in particular his failure, for some 5 months, to mention the accusation against him to his wife. *See* 1 C. Mueller & L. Kirkpatrick, *Federal Evidence* § 85 at 420 (2d ed.1994); 1A Wigmore, *Evidence* § 173 at 1840 (Tillers rev.1983). She ultimately learned of the charges from someone else, incidentally, on the eve of trial. Appellant's explanation for his secrecy apparently provided the court members a significant opportunity to evaluate his credibility.

The defense also called four character witnesses on the merits. Two of them were co-workers of appellant who were with him dai-

ly. Both praised appellant's character and work, and neither had observed him using drugs during the relevant period or sensed anything unusual about him. The third witness, a former supervisor of appellant, described his duty performance as "fantastic" and stated that he never saw appellant use drugs or behave unusually. The remaining character witness was appellant's neighbor. He socialized extensively with appellant, saw him "almost every day," believed him to be truthful, and never saw him use marijuana or act unusually during the relevant time period.

In lieu of seeking production of still more character witnesses on the merits, the defense proffered the six letters previously mentioned, which attested to appellant's good military character. Trial counsel did not object to receipt of the letters in general or to character evidence *per se*, but he did object to the specific passages set out above.[2] Counsel argued that these were not assertions of opinion or reputation of character, as permitted by Mil. R. Evid. 404(a)(1) and 405(a), Manual for Courts–Martial, United States (1994 ed.), but of specific instances of conduct (or nonconduct), as precluded by Mil. R. Evid. 405(a).

Defense counsel never contended that these assertions constituted opinion or reputation evidence so as to be admissible under Mil. R. Evid. 405(a). Instead, he argued that the challenged passages were admissible under Mil. R. Evid. 405(b), as evidence of a character trait that is an essential element of a defense, to wit: "good military character." Thus, he argued that "specific instances of the person's conduct" were indeed admissible.

The military judge, however, "d[id] not read 405(b) the same way that the defense d[id] in this regard."[3] Neither do we.

---

**2.** This matter should have been resolved under RCM 811, Manual for Courts–Martial, United States (1995 ed.), regarding stipulations of expected testimony, rather than as an evidentiary matter. All six statements were inadmissible hearsay absent government agreement. Mil. R.Evid. 801, Manual, *supra*.

**3.** The military judge further analogized the situation to a drunk-driving case. The fact that a

witness had not seen an accused drive drunk in the past did not seem, to the judge, to go to the accused's character. Thus, although the judge redacted the assertions that appellant had not been observed using drugs, he received the balance of those parts of the statements that went to character.

The pertinent language from the Military Rules of Evidence is as follows:

**Rule 404. Character evidence not admissible to prove conduct; exceptions; other crimes**

(a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

(1) *Character of the accused.* **Evidence of a pertinent trait of the character of the accused offered by an accused,** or by the prosecution to rebut the same.

* * *

(b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**Rule 405. Methods of proving character**

(a) *Reputation or opinion.* **In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion.** On cross-examination, inquiry is allowable into relevant specific instances of conduct.

(b) *Specific instances of conduct.* **In cases in which character or a trait of character of a person is an essential element of an offense or defense, proof may also be made of specific instances of the person's conduct.**

(Emphasis added.)

■ Our standard of review of a military judge's ruling admitting or excluding evidence is abuse of discretion. *United States v. Sullivan,* 42 MJ 360, 363 (1995). Plainly, the military judge did not abuse that discretion here, as appellant's contention that his character was an "essential element" of a defense is erroneous. Good military character, law-abidingness, and the like can be "defenses" in the sense that they may tend to

negate an element of an offense, such as *mens rea.* They may also tend to cast doubt on the identity element of an offense, *i.e.,* that it was the accused who committed the offense. Such evidence is not, however, the sort having elements themselves, such as an "affirmative defense." *See United States v. Berri,* 33 MJ 337, 343 (CMA 1991). Thus, the failure to observe criminal activity, or the observation of general good conduct, is not probative of an "essential element of a[ ] ... defense." Mil. R. Evid. 405(b); *see also* S. Saltzburg, L. Schinasi, & D. Schlueter, *Military Rules of Evidence Manual* 497 (3d ed.1991), wherein it is suggested:

Character might be an element of a defense if entrapment is claimed and the government wants to prove predisposition. Specific acts might be used in this context.

■ The operation of Mil. R. Evid. 404 and 405, as pertains to this case, is quite plain. As all parties to the trial agreed, evidence of a pertinent trait of appellant's character offered by the defense, including good military character and law-abidingness, is admissible. Mil. R. Evid. 404(a)(1). However, the form that evidence could take was limited to reputation and opinion testimony, and the military judge fully permitted all reputation and opinion evidence here. Mil. R. Evid. 405(a). As the defense has implicitly conceded throughout, a mere assertion of nonobservation of criminal conduct does not equate to reputation or opinion evidence. *See United States v. Scarpa,* 897 F.2d 63, 70 (2d Cir.1990); Fed.R.Evid. 405, 28 USC, Notes of Advisory Committee on Proposed Rules; 1 S. Saltzburg, M. Martin, D. Capra, *Federal Rules of Evidence Manual* 446–66 (6th ed.1994); *see also Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Midkiff,* 15 MJ 1043, 1051 (NMCMR 1983); *United States v. Giles,* 13 MJ 669, 671 (AFCMR 1982).

In the instant case, moreover, the military judge expressly ruled that the live witnesses *could* be asked about appellant's conduct during the charged period, and the witnesses so testified. Furthermore, it can be fairly assumed that the senior panel of military officers would have well realized that none of

the many servicemembers who came forward to present evidence on behalf of appellant, either in the form of live testimony or written letter, would have held a high opinion of appellant's character or performance if they had ever observed him using drugs or acting suspiciously in that regard. Thus, in reality, the type of information appellant sought to place before the members was abundantly evident.

Additionally, no evidence was presented, express or implied, regarding any other instances of criminal activity or misconduct by appellant, either within or without the charged period.[4] Lastly, the excluded evidence was cumulative and at best marginally relevant. *See United States v. Hill,* 40 F.3d 164 (7th Cir.1994)(defendant's failure to steal three "test letters" was "only tangentially relevant" to whether she intended to embezzle check 5 months earlier).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges CRAWFORD and GIERKE concur.

SULLIVAN, Judge (concurring in the result):

I disagree with the majority's statement that "[t]he operation of Mil.R.Evid. 404 and 405, [*infra*] as pertains to this case, is quite plain." 47 MJ at 112. On the contrary, the operation of these rules in general and in this case in particular is anything but plain.* *See Government of the Virgin Islands v. Grant,* 775 F.2d 508, 511–12 (3d Cir.1985). Moreover, the prosecution did not object to the excluded evidence on hearsay grounds and, therefore, the majority cannot now support its opinion on that basis. I would affirm appellant's conviction, but not for the reasons posited by the majority.

A critical factor in the majority's analysis is that "the defense has implicitly conceded throughout [that] a mere assertion of nonobservation of criminal conduct does not equate to reputation or opinion evidence." 47 MJ at 112. I note, however, that appellate defense counsel has not conceded this issue at all. He states:

> The statements by the defense witnesses were not specific acts of conduct on the part of appellant. The witnesses did not talk about a specific event or date. However, if they are determined by this Honorable Court to be specific acts of conduct, then such testimony was admissible under M.R.E. 405(b) and 404(a)(1)....

Final Brief at 21.

Moreover, I read the excluded evidence more broadly than the majority does. The particular statements excised by the military judge are noted in the majority opinion. 47 MJ at 110, 111. A fair reading of them suggests that these witnesses were substantially giving their opinion that appellant did not use drugs. *See United States v. Breeding,* 44 MJ 345, 350 (1996) ("Reputation is what the witnesses have heard about appellant ... whereas opinion evidence relates to their own personal observations and experiences with appellant....") In addition, such testimony can be reasonably considered akin to reputation evidence. *See* Wright and Graham, 22 *Federal Practice and Procedure*

---

4. Appellant now complains that the prosecution, through its drug expert, implied that appellant may have used drugs prior to the charged period, and thus the defense should have been allowed to present the evidence of nonobservation of prior drug use. Those portions of the drug expert's testimony in question, however, were part of a series of questions about the general characteristics of marijuana usage *vis-a-vis* the persistence of the tetrahydrocannabinol metabolite in urine. For example, the expert was asked:

> Assuming for hypothetical purposes that the accused used marijuana on a regular basis and stopped on the 29th of March 1993. Could the result in this test be consistent with such behavior?

The expert agreed that it was possible. The defense did not object to this testimony, and, in the context in which it was given, it cannot possibly be construed as evidence or innuendo that the expert was of the opinion or had a basis for believing that appellant previously used drugs.

* Apparently this issue was not plain to the military judge who initially admitted these statements and then excluded them at a later date. He then allowed defense-character witnesses who actually testified to give similar testimony on non-use by appellant during the charged period.

§ 5266 at 598; *contra Virgin Islands v. Grant, supra.* Even if these statements by the defense witnesses are literally construed, evidence of specific non-acts is not plainly barred by Mil.R.Evid. 405(b), Manual for Courts–Martial, United States, 1984 (specific instances of the person's conduct). *See Grant, supra* at 512.

In any event, evidence of "specific instances of conduct" is admissible where "character or a trait of character ... is an *essential element of an offense or defense.*" Mil. R.Evid. 405(b) (emphasis added). Here, appellant was found guilty of a single specification of wrongfully and knowingly using marijuana under Article 112a, Uniform Code of Military Justice, 10 USC § 912a, on the basis of positive urinalysis evidence. *See generally United States v. Harper,* 22 MJ 157 (CMA 1986). In my view, the uniqueness of this type of prosecution entitled appellant to present evidence that those familiar with him have not observed him using drugs, and such evidence should be considered essential in these urinalysis cases. *Cf. United States v. Keiser,* 57 F.3d 847, 857 (9th Cir.1995); *United States v. Swanson,* 9 F.3d 1354, 1359 (8th Cir.1993) (strictly construing Fed.R.Evid. 405(b) to require more than relevance to defense). After all, we have held that evidence of a servicemember's religious opposition to drugs is admissible at a court-martial to create a reasonable doubt about drug use. *See United States v. Brown,* 41 MJ 1 (CMA 1994).

I disagree with the majority that the form of excluded evidence precluded the defense from presenting it to the members. *See also United States v. Rankins,* 34 MJ 326, 336 (CMA 1992) (Sullivan, C.J., dissenting) ("defense ... was not a strong one, but it *was* her *only* one"). Nevertheless, in view of the testimony from the actual witnesses who were permitted to testify at trial concerning non-use, I am convinced this error by the military judge was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Accordingly, I join my fellow judges in affirming appellant's conviction.

EFFRON, Judge (concurring in the result):

Appellant was convicted of wrongful use of marijuana "between on or about 28 March 1993 and on or about 28 April 1993," in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. To obtain a conviction for drug use, the Government was required to prove that appellant had "[k]nowledge of the presence of" marijuana. *See also* para. 37c(10), Part IV, Manual for Courts–Martial, United States (1995 ed.) (effective January 21, 1994).

The Government had no direct evidence that appellant knew he had consumed marijuana. No witness had ever seen him use, possess, or exhibit the effects of marijuana before, during, or after the charged period of use. The Government's only significant evidence was a positive urinalysis result. Under applicable law, the Government relied on a permissive inference that "[k]nowledge of the presence of the controlled substance may be inferred from the presence of the controlled substance in the accused's body...." *Id.*

Appellant sought to rebut the inference of knowing use by introducing statements of others that they had not seen him use marijuana. The military judge permitted witnesses to testify as to non-use during the charged period. He refused to permit appellant to introduce evidence of non-use contained in written statements covering a longer period of time, however, even though defense counsel specifically contended that, among other grounds for admissibility, such evidence was "consistent with the defense which we've asserted of unknowing [ingestion] and the element of the offense of knowledge."

The military judge relied on Mil.R.Evid. 405(b), Manual, *supra,* for the proposition that the evidence offered by appellant constituted evidence of his good military character and law-abiding behavior, which can be proved only through opinion and reputation testimony and not through specific instances of conduct. As illustrated in the material quoted by Judge Sullivan from *Government of the Virgin Islands v. Grant,* 775 F.2d 508,

511–12 (3d Cir. 1985), there is considerable debate concerning whether testimony as to the absence of specific instances of conduct constitutes opinion testimony or whether it constitutes multiple instances of good conduct.

In a urinalysis case, where the only evidence of use is a laboratory report, it is difficult to discern the difference between opinion testimony that an individual is drug-free and testimony that the witness has never observed the individual use drugs. I would not foreclose the contention, if clearly litigated, that the best means of communicating an opinion that a person is drug-free is through testimony that the witness has never observed the individual use drugs.

In addition, I also would not foreclose the contention that evidence of non-use, even if treated as multiple incidents of conduct, is admissible under Mil.R.Evid. 404(b) in a urinalysis case to rebut the inference that mere presence of a metabolite in the urine proves knowing use. Mil.R.Evid. 404(b) permits introduction of evidence of "other ... acts," not as evidence of character but as "proof of motive, opportunity, intent, preparation, plan, *knowledge,* identity, or absence of mistake or accident...." (Emphasis added.) Extrinsic evidence of conduct frequently is admitted to prove a person's state of mind. *E.g., United States v. Dorsey,* 38 MJ 244 (CMA 1993) (evidence of uncharged misconduct admissible to prove intent). In a urinalysis case, where the Government cannot prove use on any particular date and has no direct evidence of knowing use, an accused may have a strong argument that evidence of non-use is admissible as extrinsic evidence on the issue of knowledge.

I agree with the majority, however, that in the case before us, any error is harmless in view of the considerable live testimony that was admitted by the military judge as direct evidence of non-use.