Judge ERDMANN
delivered the opinion of the court.
Master Sergeant Ronald L. Brewer was charged with using marijuana on divers occasions over a one-year period in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a (2000). He was tried by a general court-martial composed of officer and enlisted members who found him guilty and sentenced him to confinement for eighteen months and reduction to pay grade E-2. The convening authority approved the sentence but waived mandatory forfeitures of pay for the benefit of Brewer’s dependent son. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion on April 28, 2004. United States v. Brewer, No. ACM 34936, 2004 WL 944066, 2004 CCA Lexis 136, at *24 (A.F.Ct.Crim.App. Apr. 28, 2004).
Brewer was convicted based upon positive results for marijuana from a urinalysis test and a hair analysis test. The Government relied on the permissive inference that Brewer’s use of marijuana was “wrongful” in order to meet that element of the drug charge. Brewer sought to counter that inference by presenting evidence of innocent ingestion. The military judge excluded testimony from witnesses who had frequently observed Brewer during the one-year time period. The military judge also gave the members an instruction regarding the burdens of proof for the permissive inference that Brewer argues created a mandatory rebuttable presumption.
We granted review to determine whether Brewer was wrongly denied the opportunity to counter the permissive inference of wrongful use relied upon by the Government and whether the military judge’s instruction regarding that permissive inference was erroneous.[1] We conclude that the errors in this case violated Brewer’s rights under the Due *427 Process Clause and were not harmless beyond a reasonable doubt. We therefore reverse the decision of the United States Air Force Court of Criminal Appeals.

BACKGROUND

The Government’s case against Brewer was based upon two positive drug test results. The first was a urinalysis test on a sample obtained after Brewer was randomly selected to be drug tested. After that sample tested positive for marijuana the Government obtained a search authorization to test a hair sample from Brewer and that test also returned a positive result for marijuana use. Based on the hair analysis, a Government expert witness testified that Brewer “had ingested [marijuana] on multiple occasions in the time period ....” In that witness’ opinion Brewer had used marijuana at least thirty times in the twelve months preceding the hair test.
In addition to the test results, to meet the element of the charge that requires that use of a controlled substance be “wrongful,” the Government relied ‘“on a permissive inference of wrongfulness which has long been recognized by military law as flowing from proof of the predicate fact of use of the drug.” United States v. Ford, 23 M.J. 331, 333 (C.M.A.1987) (quoting United States v. Harper, 22 M.J. 157, 162 (C.M.A.1986)). To counter this inference, and in order to mount a defense of innocent ingestion, Brewer sought to introduce the testimony of five witnesses “who were with [Brewer] and observed his behavior for much of the relevant time frame and that [sic] if the accused had used marijuana they would likely have seen some evidence of it.”
The Government made a motion in limine to exclude the testimony of these witnesses. In support of its motion, the Government argued that it was introducing only urinalysis and hair analysis test results and would not be presenting evidence that Brewer used drugs at any specific time. Because of this, the Government contended that the only evidence the defense could offer in rebuttal would be the testimony of someone who had been with Brewer for the entire one-year time period. The Government argued that witness testimony concerning only certain, limited time frames during which that witness had been with Brewer was not relevant and/or was confusing under Military Rules of Evidence (M.R.E.) 401 and 403.
Tidal defense counsel responded that presenting the testimony of witnesses who knew the accused well and who were with him for a substantial period of the charged time frame is one of the ways for the defense to respond to the generalized allegations by the Government. Defense counsel noted that it would be impossible to find one witness who had been with Brewer for the entire time period, but stated, “What we are trying to do is build our wall of proof one brick at a time.” The defense offered testimony from Brewer’s live-in girlfriend, a close friend, his direct supervisor, and two people who worked directly with him during the workday to show that none of these people ever saw any evidence of drug use by Brewer. The defense contended that the testimony of all of these people together goes to make a “wall of proof that raises reasonable doubt.”
The military judge granted the Government’s motion to exclude the testimony with regard to all of the witnesses except Brewer’s live-in girlfriend. At the close of the prosecution’s case trial defense counsel made a motion for reconsideration of that ruling but the military judge denied the motion. Brewer’s girlfriend testified that she and Brewer were strict and would not allow marijuana to be smoked in their house. She also testified that she had not seen anything to indicate that Brewer smoked marijuana. A friend of Brewer’s nephew also testified, stating that he and Brewer’s nephew had often smoked marijuana in the house without Brewer’s knowledge and that they had once made spaghetti sauce that contained marijuana and left it on the stove.
At the close of the evidence and prior to deliberations, the military judge instructed the members concerning the permissive inference of wrongful use of drugs utilizing an instruction taken almost verbatim from the Military Judges’ Benchbook. See Legal Services, Dep’t of Army, Pamphlet 27-9, Mili *428 tary Judges’ Benchbook ch. 3, 3-37-2d (2001) [hereinafter Benchbook]. There was no objection to this instruction at trial.

DISCUSSION

1. Did the Military Judge Err in Excluding the Four Defense Witnesses?
Brewer contends that the military judge erred in granting the Government’s motion to exclude the defense witnesses because those witnesses were necessary to counter the permissive inference of wrongful use upon which the Government was allowed to rely. The Government responds that the military judge properly excluded the testimony of the witnesses offered by Brewer because these witnesses were improper alibi and character witnesses and their testimony therefore was inadmissible and was irrelevant to the proceedings. We review a military judge’s decision to admit or exclude evidence for abuse of discretion. See United States v. Sullivan, 42 M.J. 360, 363 (C.A.A.F.1995).
Brewer argues that these witnesses would have testified that they “were with [Brewer] and observed his behavior for much of the relevant time frame and that [sic] if the accused had used marijuana they would likely have seen some evidence of it.” The military judge excluded the testimony because he found it not relevant. The lower court affirmed, noting that these witnesses could not properly serve as alibi witnesses because Brewer did not dispute that the drug entered his system and therefore could not properly claim that he had an alibi for the offense. The lower court further held that Brewer was improperly attempting to present testimony regarding specific instances of conduct as character evidence, when such evidence is limited to reputation or opinion testimony under M.R.E. 405(a).
We agree with the lower court that this evidence is not admissible as character evidence under M.R.E. 404 and 405. In United States v. Schelkle, 47 M.J. 110 (C.A.A.F.1997), the defense argued that evidence of specific instances of conduct (statements in letters by friends of the accused that they had not seen him use marijuana) should be admissible under M.R.E. 405(b) because evidence of “good military character” is an essential element of a defense to charges of drug use. In rejecting this argument this court found that character was not an essential element of the defense in that case and that evidence of character therefore was limited to reputation and opinion evidence. Id. at 112; see also M.R.E. 405(b).
Because character is not an essential element of any defense raised by Brewer, we reach the same result in this case. Testimony of these witnesses was not admissible under M.R.E. 405(b). Schelkle did not, however, hold that this testimony could never be admitted and we therefore turn to the question of whether this type of testimony may be admissible on other grounds.
It is important to note that the Government was permitted to prove an essential element of its case — that Brewer’s use of a controlled substance was wrongful — by relying “ ‘on a permissive inference of wrongfulness, which has long been recognized by military law as flowing from proof of the predicate fact of use of the drug.” Ford, 23 M.J. at 333 (quoting Harper, 22 M.J. at 162). To counter this inference, Brewer relied on a defense of “innocent ingestion” based in part on the fact that his nephew and his nephew’s friend often smoked marijuana in his house and on one occasion put marijuana in some spaghetti sauce at the house.
In Ford, we discussed the permissive inference and its relationship to defense evidence of innocent ingestion. In that case the Government’s evidence consisted of a positive urinalysis result and testimony by an expert concerning that result. The defense presented testimony from “several witnesses who testified that they observed no abnormalities in his behavior suggesting drug abuse.” Id. at 332. There also was evidence that the defendant’s ex-wife had access to marijuana and a motive to frame the defendant. Id. The defense argued that presenting this evidence of innocent ingestion negated the Government’s ability to rely on the permissive inference to prove knowing ingestion, or that in the alternative it required the Government *429 to present additional evidence of wrongful use. Id. at 333-87.
This court disagreed with these defense contentions, noting that witness testimony that the defendant did not exhibit behavior indicative of drug use:
challenges the basis in fact upon which the inference of wrongfulness is predicated ____ It was offered by the defense to create a reasonable doubt in the factfin-ders’ minds concerning the prosecution’s circumstantial proof of use. A conflict in evidence concerning the existence of the predicate fact, however, does not bar use of the inference. It simply means that the members must resolve the question before they decide whether the inference should be drawn in the present case.
Id. at 335-36 (internal citations omitted).
While Ford did not specifically address the issue presented in this case, it does demonstrate that this court has recognized the potential relevance of the type of testimony offered by Brewer. “‘Relevant evidence’ means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” M.R.E. 401. Testimony from people who spent substantial time with Brewer throughout the charged period that they had not seen him purposefully use drugs or observed him under the influence of drugs does go to the issue of whether he knowingly and wrongfully used drugs at least thirty times during the charged period. Contrary to the assertions of the dissent, we believe that if the members found this testimony credible, it would have bolstered Brewer’s innocent ingestion defense.
The dissent is incorrect in arguing that only testimony of those who had observed Brewer in his home would be relevant to his defense. Brewer did not claim the ingestion occurred at his house as the dissent states, but rather offered the possibility that his ingestion may have occurred in his home where his nephew had used the drug to explain his positive urinalysis result. The very nature of an innocent ingestion defense means that Brewer could not prove the time or place of his innocent ingestion, but could only suggest possible explanations. Part of a defense of innocent ingestion requires raising doubt in the minds of the members that the presence of a drug in Brewer’s system came from a knowing and wrongful use of the drug. The testimony of the witnesses offered by Brewer provides grounds for the members to question whether to draw the inference that Brewer’s use of marijuana was wrongful, thereby raising a question as to an essential element of the charged offense.
We find no merit in the Government’s contention that the relevance of this testimony is diminished because the Government has not alleged a specific time of use. The Government’s charge spans a one-year time frame and alleges that Brewer used marijuana multiple times during that period. The Government does not offer specific dates or times of use because the test results upon which it relies do not provide that level of specificity. In response, Brewer offers evidence that also spans that one-year period and goes to show that he was not seen using drugs by those who saw him frequently during that time period.
Under these circumstances it is not unreasonable for the Government to charge a one-year period, but the lack of specificity should not provide a basis to prohibit Brewer from challenging the facts giving rise to the permissive inference relied upon by the Government. The use of a permissive inference of wrongful use by the Government requires that a court allow a defendant some leeway to rebut that inference by using testimony such as that proffered by Brewer in this case. The military judge, of course, retains the power to limit repetitive testimony under M.R.E. 403.
Because the military judge in this case precluded testimony from four witnesses who observed Brewer outside his home during this period, that ruling denied Brewer the opportunity to present a line of defense on the element of wrongful use and violated Brewer’s due process right to present witnesses in his own defense. See Chambers v. Mississippi 410 U.S. 284, 302, 93 S.Ct. 1038, *430 35 L.Ed.2d 297 (1973) (“Few rights are more fundamental than that of an accused to present witnesses in his own defense.”). We therefore find that the military judge abused his discretion.
2. Was the Military Judge’s Instruction to the Members on the Permissive Inference of Wrongful Use Plain Error?
Brewer argues that the military judge’s instruction to the members violated the Due Process Clause because it may have caused a reasonable member to believe that there was a mandatory presumption of wrongfulness, rather than a permissible inference. The Government argues that the military judge’s instruction to the members was not erroneous because it was a correct statement of the law. At the close of the evidence, and prior to deliberations, the military judge instructed the members concerning the permissive inference of wrongful use as follows:
To be punishable under Article 112a, use of a controlled substance must be wrongful. Use of a controlled substance is wrongful if it is without legal justification or authorization.
Use of a controlled substance is not wrongful if such act or acts are: (a) done pursuant to legitimate law enforcement activities (for example, an informant who is forced to use drugs as part of an undercover operation to keep from being discovered is not guilty of wrongful use); (b) done by authorized personnel in the performance of medical duties or experiments; or (c) done without knowledge of the contraband nature of the substance (for example, a person who uses marijuana, but actually believes it to be a lawful cigarette or cigar, is not guilty of wrongful use of marijuana).
Use of a controlled substance may be inferred to be wrongful in the absence of evidence to the contrary. However, the drawing of this inference is not required.
The burden of going forward with evidence with respect to any such exception in any court-martial shall be upon the person claiming its benefit.
If such an issue is raised by the evidence presented, then the burden is on the United States to establish that the use was wrongful.
Knowledge by the accused of the presence of the substance and knowledge of its contraband nature may be inferred from the surrounding circumstances. However, the drawing of the inference is not required.
Following a number of other instructions, the military judge provided the following general instruction: “the burden of proof to establish the guilt of the accused beyond a reasonable doubt is on the government. The burden never shifts to the accused to establish innocence or to disprove the facts necessary to establish each element of the offense.”
As there was no objection to the permissive inference instruction at trial, we will provide relief only if we find plain error. See United States v. Simpson, 58 M.J. 368, 378 (C.A.A.F.2003). To meet the test for plain error Brewer must show that there was error, the error was plain or obvious, and the error materially prejudiced his substantial rights. United States v. Powell, 49 M.J. 460, 463-65 (C.A.A.F.1998). If Brewer meets this test, the burden shifts to the Government to show that the error was harmless beyond a reasonable doubt. See United States v. Carter, 61 M.J. 30, 33 (C.A.A.F.2005). The court reviews these questions de novo. Simpson, 58 M.J. at 378.
To determine whether there was error, we ask whether a reasonable member could have interpreted the instruction to create a mandatory presumption of wrongfulness in favor of the Government. See Sandstrom v. Montana, 442 U.S. 510, 514, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) (“That determination [of the nature of the presumption created by the instruction to the jury] requires careful attention to the words actually spoken to the jury ... for whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instruction.”).
The instruction begins by explaining that the drug use must be wrongful. It then *431 identifies three situations in which use of a controlled substance is not wrongful. It next states that members may infer wrongfulness if there is no evidence that it is not wrongful, but that they are not required to do so. Then, it tells the members that the burden of going forward with evidence of any of the exceptions is on the person claiming the benefit of the exception. Finally, the instruction states that if “such an issue is raised by the evidence presented, then the burden of proof is upon the United States to establish that the use was wrongful.”
The instruction is confusing because it does not explain the difference between “a burden of production, which only requires that an issue as to an exception be raised by the evidence, and a burden of persuasion, which would require an accused to affirmatively prove by some standard of proof that he came within the exception.” United States v. Cuffee, 10 M.J. 381, 382-83 (C.M.A.1981). Without such an explanation, a member may believe that it is the defendant’s responsibility to prove that one of the exceptions applies, rather than simply to raise the issue by presenting some evidence to that effect. Further, and even more troubling, a member may believe that it is not until one of the exceptions has been proven by the defendant that the burden shifts back to the Government to show wrongful use.
The military judge’s later instruction that “[t]he burden never shifts to the accused to establish innocence or to disprove the facts necessary to establish each element of the offense” does not alleviate this confusion. The permissive inference instruction clearly placed some burden on the defendant. As the “burden” in the later instruction refers to both a burden of production and a burden of persuasion, it does not clarify the nature of the burden referenced in the earlier instruction. As a result, the instructions as a whole could still confuse a reasonable member.
Adding to the confusion caused by the failure to explain the respective burdens on the parties is the use of the word “exception.” To categorize the three circumstances that make a use not wrongful as exceptions suggests that unless one of those exceptions is found, wrongfulness should be presumed (i.e., they are exceptions to the general rule of wrongfulness). Inclusion of the word “exception” creates the possibility that a reasonable member could have interpreted the instruction to require a presumption of wrongfulness absent evidence to the contrary. Because the confusing language of the instruction might have led the members to conclude that there was a presumption that Brewer’s use of marijuana was wrongful and/or that Brewer had the burden of proving that it was not, we find that the instruction was erroneous.
Next we ask whether the error was plain or obvious. The Government argues that there was no obvious error because the instruction was a correct statement of the law and was taken almost verbatim from the Benchbook. However, despite inclusion of this language in the Benchbook, the military judge was still under an obligation to evaluate the instruction and to determine its applicability to the ease at hand. The Benchbook itself states that the instructions should be given “only if the subject matter of the note applies to the facts and circumstances of that case.” Benchbook at ch. 1, H l-3(b). Otherwise, notes and the accompanying instructions “are intended to explain the applicability of the instruction generally, or to alert the trial judge to optional elements or unusual applications of the instruction.” Id.
Under the permissive inference instruction given in this case, it would be difficult for a lay person to grasp the subtle distinction between a permissive inference and a rebut-table presumption, or to know the difference between a burden of proof and a burden of persuasion. Because the potential for confusion of these terms is obvious in a case such as this one, the need for more carefully crafted language and for further explanation of this language is obvious as well. See United States v. Curry, 38 M.J. 77, 81 (C.M.A.1993) (“Even if we, as lawyers, can sift through the instructions and deduce what the judge must have meant, the factfinders were not lawyers and cannot be presumed to correctly resurrect the law.”). Even though the instruction was taken from the Benchbook, it was clearly *432 erroneous under the particular circumstances of this case and therefore obvious error.[2]
3. Were the Above Errors Harmless Beyond a Reasonable Doubt?
In regard to the erroneous instruction, after finding obvious error we ask whether this error materially prejudiced Brewer’s substantial rights. Powell, 49 M.J. at 463-65. Because in this case we have a constitutional error, we must evaluate whether the Government has shown that the error was harmless beyond a reasonable doubt. Id. at 465 n. *. With regard to the military judge’s ruling excluding defense witnesses, this court has noted that “[bjecause an accused has the right to present witnesses under the Constitution and RCM 703(b), the Government must show that this error was harmless beyond a reasonable doubt.” United States v. Miller, 47 M.J. 352, 359-60 (C.A.A.F.1997). We will review both errors together to determine whether the denial of Brewers right to due process was nonetheless harmless beyond a reasonable doubt.
Brewer argues that neither of the errors was harmless beyond a reasonable doubt because they affected his ability to properly defend himself on the element of wrongful use. The Government contends that any error that did occur was harmless because of the extent of the evidence against Brewer.
We find that excluding the four defense witnesses made it impossible for Brewer to present his defense that those who saw him most frequently over a substantial portion of the charged time frame had not seen him use marijuana, possess marijuana paraphernalia, or appear to be under the influence of marijuana. This line of defense was relevant to rebut the inference that his use of marijuana was wrongful. While the Government is correct that its evidence was strong to support a finding that Brewer had the marijuana in his system, it relied solely on the permissive inference of wrongful use to meet that essential element of the charge. Therefore, the exclusion of these witnesses was not harmless beyond a reasonable doubt because without their testimony that permissive inference was left unchallenged.
This prejudice was compounded by the military judge’s confusing and erroneous instruction. Brewer was not permitted to challenge the inference that his use was wrongful, while at the same time reasonable members may have understood the instruction to require them to find the use wrongful if Brewer did not make a sufficient showing to the contrary. Brewer was left without recourse to rebut an essential element of the charge against him, and the Government was relieved of its burden to prove that element beyond a reasonable doubt. We find that these errors created prejudice to Brewer that is not harmless beyond a reasonable doubt.

DECISION

The decision of the United States Air Force Court of Criminal Appeals is reversed. The findings and sentence are set aside. The record is returned to the Judge Advocate General of the Air Force. A rehearing is authorized.

. We granted three issues:
I.
WHETHER THE GOVERNMENT IMPROPERLY SEVERED THE APPELLANT'S RELATIONSHIP WITH HIS CONFIDENTIAL DEFENSE EXPERT CONSULTANT.
II.
WHETHER THE MILITARY JUDGE ERRED BY REFUSING TO PERMIT THE APPELLANT TO PRESENT A MOSAIC OF ALIBI WITNESSES TO COUNTER THE PERMISSIVE INFERENCE UNDER ARTICLE 112a, UCMJ, CREATING AN ERROR VIOLATIVE OF THE DUE PROCESS CLAUSE.
III.
WHETHER THE MILITARY JUDGE’S INSTRUCTIONS CREATED A MANDATORY REBUTTABLE PRESUMPTION IN VIOLATION OF THE DUE PROCESS CLAUSE THAT APPELLANT’S USE OF MARIJUANA WAS WRONGFUL.
Because of our resolution of Issues II and III, we need not reach Issue I.

. Although this issue was not reached by the Air Force court in this case, it has found on two previous occasions that giving this instruction constitutes error. See United States v. Fuller, No. ACM 35058 2004 CCA Lexis 182, at *11-16, 2004 WL 1539559 at *4-6 (A.F.Ct.Crim.App. June 23, 2004)(unpublished opinion); United States v. Voda, No. ACM 35337, 2004 CCA Lexis 29, at *5-10, 2004 WL 190265 at *2-3 (A.F.Ct.Crim.App. Jan.26, 2004)(unpublished opinion).