*573 OPINION OF THE COURT
SCHENCK, Senior Judge:
A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of rape and unlawful entry, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 934 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for eighteen months, forfeiture of all pay and allowances, and reduction to Private El.
This ease is before the court for review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. Appellant asserts two assignments of error; one merits discussion but no relief.[2] Specifically, appellant contends the military judge erred when she instructed the panel members, over defense objection, regarding evidence of an uncharged sexual assault admitted pursuant to Military Rule of Evidence [hereinafter Mil. R. Evid.] 413 (“Evidence of similar crimes in sexual assault cases”). After considering the record as a whole, including the pleadings of the parties, and appellate counsel’s oral argument,[3] we disagree with appellant’s assertion.
FACTS
Appellant was charged with burglary—for breaking into and entering the barracks room of SPC L in the nighttime with the intent to commit rape therein—and the rape of SPC L on or about 20 April 2002. The panel convicted appellant by exceptions of unlawful entry and rape on or about 20 April 2002.
Prior to trial on the merits, trial defense counsel moved to admit “prior sexually suggestive encounters by the alleged victim” pursuant to Mil. R. Evid. 412 (“Nonconsen-sual sexual offenses; relevance of victim’s behavior or sexual predisposition”). In response, trial counsel concurred with the admissibility of the subject matter in paragraph 2b. of the defense motion, which states, “SPC [L] and SPC Dacosta have previously spent at least one night together and slept in the same bed.” Pursuant to Mil. R. Evid. 413, trial counsel provided notice to the defense that the government intended to present evidence regarding this incident at trial.
As part of her findings of fact on the motion, the military judge found appellant:
spent at least one night in [SPC L’s] bed in her barracks room, during which time he sexually touched her and put her hand on his penis, but during which time they did not engage in sexual intercourse. This one time occurred in January 2002, on a weekend, but the exact date is not known. There may be evidence of other nights that [appellant] slept in [SPC L’s] room in her bed during which there was never sexual intercourse between the two.
The military judge concluded:
evidence that the accused slept in [SPC L’s] bed on at least one occasion and perhaps more between January and April 2002 is also admissible. The evidence that the accused engaged in sexual acts and/or assaults on at least one occasion while lying in [SPC L’s] bed is admissible under [Mil. R. Evid.] 413. Further, to the extent that there may be evidence that those acts were consensual, they are admissible under [Mil. R. Evid.] 412(b)(1)(B). Both the prosecution and defense are permitted to question [SPC L] regarding that incident or those incidents.
*574 Specialist L’s testimony on the merits was consistent with the description set forth in the military judge’s findings on the motion regarding this evidence. Specifically, prior to the night of the charged offenses, appellant slept with SPC L in her twin bed in her barracks room when her roommate was not present. During the second evening appellant stayed over, SPC L woke up with appellant “feeling all over [her].” Appellant tried to “get into [her] bra” and “pull down [her] underwear” and she would “just roll over and pull them back up.” Specialist L testified that she pretended to be sleeping and appellant took “his penis out” and “tried to make [her] touch it and [she] pulled [her] hand away.” She stated, “[H]e then got on top of me and proceeded to try to have sex with me through my clothes. That’s when I pushed him all the way off and I just went back to sleep.”
Subsequently, during a hearing pursuant to Article 39(a), UCMJ, (without panel members present) regarding potential panel instructions, the following colloquy ensued between the military judge and assistant defense counsel:
MJ: All right. And, similarly, on the uncharged misconduct instruction regarding the evidence regarding the indecent assault that may or may not have occurred one night when [appellant] spent the night in [SPC L’s] room prior to the 20th, do you want me to instruct on that?
ADC: No, Your Honor.
MJ: All right. I will instruct on the past sexual behavior of a non-consensual sex victim, and I will give the spillover instruction. Although, I have to look at that, because given that you’ve charged entry at night with the intent to commit rape, it may be that the spillover instruction is not applicable here. I’ll take a look at that.
After recessing the proceedings for the evening and during another Article 39(a) hearing the next morning, the military judge stated, “[U]pon research I’ve determined that [the uncharged sexual misconduct instruction] should be given if raised by the evidence, and in this case, it has indeed been raised by the evidence, and so I intend to mention it briefly in my instructions.” Counsel concurred.
The military judge then instructed the panel members regarding the January 2002 uncharged sexual assault as part of her instruction on: (1) mistake of fact, and (2) the similar, uncharged sexual assault evidence (Mil. R. Evid.413). The military judge told the panel:
In deciding whether the accused was under the mistaken belief that [SPC L] consented ... you should also consider the accused’s prior contact with [SPC L], the nature of any conversations between the accused and [SPC L], the fact that they had a consensual kiss approximately 3 months before the alleged incident which is the subject of these charges, the fact that during January 2002, the accused apparently slept in [SPC L]’s room, but that no sexual intercourse occurred on those occasions, and any other evidence you recall bearing on the issue of whether the accused had an honest and reasonable belief that on 20 April 2002, [SPC L] was consenting to the act of sexual intercourse.
You have heard evidence that the accused may have previously committed another uncharged offense of sexual assault when he slept overnight in [SPC L]’s bed during January 2002. You may consider the evidence of such other act of sexual assault for its tendency, if any, to show the accused’s propensity to engage in sexual assault, as well as its tendency, if any, to identify the accused as the person who committed the offenses alleged, to prove a plan or design of the accused to have sexual intercourse with [SPC L], to prove knowledge on the part of the accused that [SPC L] did not consent to sexual acts, or to prove that the accused intended to have sexual intercourse by force and without consent at the time that he entered [SPC L]’s room.
You may not, however, convict the accused merely because you believe he committed this other offense or merely because you believe he has a propensity to engage in sexual assault. The prosecution’s burden of proof to establish the ac *575 cused’s guilt beyond a reasonable doubt remains as to each and every element of each offense charged.
After the military judge charged the panel members, the members heard counsel’s argument on the merits. Because the government declined to argue first and chose only to close, trial defense counsel argued first and stated:
Specialist [L] told you yesterday that on a previous occasion when [appellant] spent the night, as they had done in the past, in a room that was usually occupied by two people, but it’s the weekend, the roommate, [SPC A], is out of town. “Hey, why not come over? Let’s watch a movie. Let’s hang out.” She tells you here yesterday that she was shocked to find [appellant] touching her. The fact is she enjoyed it. When the panties came down, she was rolling—
When the panties came down, she would pull them back up. She would roll back and forth, all while awake and very well aware of what was going on. Hey, they were lying in the same bed in an empty room together. [Appellant] could have slept in the other bed. Specialist [A] wasn’t there. No, they spent the night in that same little twin bed together. And when she felt him touching her breasts, kissing her face, she’s claiming that she didn’t move her lips, touching her, even moving her hand toward his penis, she just acted like her hand was limp. She didn’t get out of bed and say, “Oh, stop. What are you doing? This is crazy.” She just laid there and went along with it. And she told you she was awake. She knew what was going on. And when she didn’t feel like it anymore, what did she do? She took that blanket and she put it in-between the two of them. That’s how she ended that and then they went back to sleep, still in the same bed, twin bed. That sounds like making out to me. Like I asked, why didn’t she make him sleep in that other bed? Why didn’t she kick him out?
Trial counsel argued after the defense and did not discuss, or allude to, any prior sexual assault committed by appellant.
LAW
We agree with appellate counsel that we review a military judge’s non-mandatory panel instruction for an abuse of discretion. United States v. Forbes, 61 M.J. 354, 358 (C.A.A.F.2005). Essentially, our court cannot set aside a judicial action taken in a discretionary matter unless we have “a definite and firm conviction that the [military judge] committed a clear error of judgment in the conclusion [she] reached upon a weighing of the relevant factors.” United States v. Houser, 36 M.J. 392, 397 (C.M.A.1993). Furthermore, in our abuse-of-discretion review we must consider that a military judge “ ‘has a range of choice, and that [her] decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.’ ” United States v. Dockery, 955 F.2d 50, 54 (D.C.Cir.1992) (quoting Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir.1984)).
If we find the military judge abused her discretion by providing a limiting instruction, we may affirm the findings of guilty if we determine the error was harmless. See UCMJ art. 59(a), 10 U.S.C. § 859(a). However, if we find error of a Constitutional dimension, we may only affirm the findings of guilty if we determine the error was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (holding that before a Constitutional error can be held harmless, an appellate court must find the error was “harmless beyond a reasonable doubt”); United States v. Kreutzer, 61 M.J. 293, 298-99 (C.A.A.F.2005). To find instructional error of a Constitutional dimension, our court would have to find “ ‘a reasonable likelihood that the jury has applied the challenged instruction in a way1 that violates the Constitution.” Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting Boyde v. California, 494 U.S. 370, 380, 110 S.Ct. 1190, 108 L.Ed.2d 316 (1990)). Nevertheless, we will review a particular panel instruction not in isolation, but within the context of the other instructions given as a whole, and “in the context of the overall charge[s].” United States v. Dixon, 201 F.3d *576 1223, 1230 (9th Cir.2000) (citing United States v. Harrison, 34 F.3d 886, 889 (9th Cir.1994)). In evaluating nonconstitutional harmless error, we must determine “whether the instructional error had ‘substantial influence’ on the findings.” United States v. Gibson, 58 M.J. 1, 7 (C.A.A.F.2003).
In sexual assault cases, Mil. R. Evid. 413(a) allows evidence of similar sexual assault crimes to be “considered for its bearing on any matter to which it is relevant.” As reflected in the legislative history of Mil. R. Evid. 413, Congress clearly created an exception to Mil. R. Evid. 404(b)’s[4] “prohibition against the use of a defendant’s propensity to commit crimes ... subject to Rule 403 [ (‘Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time’)].” United States v. Wright, 53 M.J. 476, 480 (C.A.A.F.2000). In particular, panel members may consider such evidence for its bearing on the accused’s “propensity to commit sexual assault ... and [during their] assessment of the probability or improbability that the [accused] has been falsely or mistakenly accused of such an offense.” Id. (quoting 140 Cong. Rec. H8991 (daily ed. Aug. 21, 1994) (statement of Rep. Susan Molinari)). Furthermore, “[t]he presumption is in favor of admission.” Id.
The military judge must make three threshold findings before admitting Rule 413 evidence. She must find: (1) the accused is charged with a sexual assault offense under Mil. R. Evid. 413(a); (2) the evidence involves the accused’s commission of another sexual assault offense; and (3) the evidence is relevant. Wright, 53 M.J. at 482 (citing United States v. Guardia, 135 F.3d 1326, 1328 (10th Cir.1998)). The military judge must also conduct a Mil. R. Evid. 403 balancing test, and should consider the following, inexhaustive list of factors: (1) the “[strength of proof of prior act—conviction versus gossip;” (2) the “probative weight of evidence;” (3) “potential for less prejudicial evidence;” (4) “distraction of factfinder;” (5) “time needed for proof of prior conduct;” (6) “temporal proximity” to the charged offense; (7) “frequency of the acts;” (8) “intervening circumstances” or lack thereof; and (9) “relationship between the parties.” Wright, 53 M.J. at 482 (citing Guardia, 135 F.3d at 1331; United States v. Enjady, 134 F.3d 1427, 1433 (10th Cir.1998), cert. denied, 525 U.S. 887, 119 S.Ct. 202, 142 L.Ed.2d 165 (1998)).[5]
As our superior court has stated, rules regarding admissibility of Rule 413 evidence contain prophylactic procedures to provide for the accused’s protection. Specifically, protection is provided by the following: (1) the military judge must apply the Rule 403 balancing test prior to admitting such evidence; (2) Rule 413 limits the “uncharged misconduct to serious offenses” as defined in Rule 413(d)(l)-(5); (3) Rule 401 (“Definition of ‘relevant evidence’ ”) and Rule 402 (“Relevant evidence generality] admissible; irrelevant evidence inadmissible”) relevancy requirements must be met and the military judge must enforce them through Rule 104(b) (“Preliminary questions ... Relevancy conditioned on fact”); (4) the military judge must conclude the panel “could find by [a] preponderance of the evidence” that the Rule 413 offenses occurred; and (5) the Rule 413(b) notice requirement ensures admitting the evidence “does not threaten the presumption of innocence” because it allows an accused time and the opportunity to gather, prepare, and present evidence on the merits or in rebuttal. Wright, 53 M.J. at 483 (holding Rule 413 is Constitutional).
With those predicate safeguards in place, once a military judge property admits *577 Rule 413 evidence of other sexual assaults, she should provide panel members with findings instructions to guide them regarding the issues in the case, and explain legal standards and procedural requirements which members must use to determine findings. See Rule for Courts-Martial [hereinafter R.C.M.] 920(a) discussion. Rule for Courts-Martial 920(e)(7) authorizes the military-judge to present the panel with “explanations, descriptions, or directions as may be necessary and which are properly requested by a party or which the military judge determines, sua sponte, should be given.” The discussion to that Rule also provides:
[t]he military judge may summarize and comment upon evidence in the case in instructions. In doing so, the military judge should present an accurate, fair, and dispassionate statement of what the evidence shows; not depart from an impartial role; not assume as true the existence or nonexistence of a fact in issue when the evidence is conflicting or disputed, or when there is no evidence to support the matter; and make clear that the members must exercise their independent judgment as to the facts.
R.C.M. 920(e) discussion.
Military Rule of Evidence 105 (“Limited admissibility”) further states the military judge will, upon request, limit the use of evidence to its proper scope and shall instruct the panel accordingly. Moreover, if counsel at trial do not object to, or make a request for, an instruction, we will provide relief only upon finding plain error. See United States v. Brewer, 61 M.J. 425, 430 (C.A.A.F.2005).
DISCUSSION
Appellant’s case involves a military judge not only providing a limiting instruction sua sponte over defense objection,[6] but, also, informing panel members as to appropriate uses of Rule 413 evidence. Appellate defense counsel concede, “[I]f the [Mil. R. Evid.] 413 instruction was warranted, then the correct instruction was given.” They, however, contend the military judge erred by instructing the panel members because “the instruction was not warranted under the facts of this case.” Moreover, without a request from trial counsel or argument regarding “propensity,” the military judge sua sponte informed panel members they could use the evidence of the prior sexual assault:
for its tendency, if any, to show the accused’s propensity to engage in sexual assault ... to identify the accused as the person who committed the offenses alleged, to prove a plan or design of the accused to have sexual intercourse with [SPC L], to prove knowledge on the part of the accused that [SPC L] did not consent to sexual acts, or to prove that the accused intended to have sexual intercourse by force and without consent at the time that he entered [SPC L]’s room.
(emphasis added.)
Additionally, appellate counsel agree, no issue exists regarding the description of the prior sexual assault or its admissibility as evidence pursuant to Rule 413. Furthermore, the parties do not challenge the military judge’s findings of law and fact on the defense motion in limine. The parties at trial agreed panel members should hear the evidence of the prior sexual assault; neither party contested at trial, or now disputes, this incident occurred as the victim described.
We disagree with appellate defense counsel’s assertion that the military judge’s mere mention that Rule 413 evidence could be used to show appellant’s “propensity to engage in sexual assault” rises to an abuse of discretion. The use of Mil. R. Evid. 413 evidence is set forth in the Rule itself and clarified by ease law and legislative history.[7] The military judge in appellant’s case informed the panel members of those proper uses for the evidence admitted.
A military judge’s decision to provide panel instructions regarding evidentiary matters is somewhat different than her sua sponte duty *578 to advise panel members regarding affirmative defenses.[8] Military Rule of Evidence 105 states the military judge will limit use of evidence and provide instructions upon request; thus, placing the responsibility on counsel to request the military judge give evidentiary instructions to the panel. See Stephen A. Saltzburg et al., Military Rules of Evidence Manual 1-120 (5th ed.2003) (suggesting Mil. R. Evid. 103(a) further requires counsel to specify the limiting instructions they request).[9]
Nevertheless, our superior court’s jurisprudence places a sua sponte duty on the military judge to provide limiting instructions to court members regarding uncharged misconduct evidence admitted pursuant to Mil. R. Evid. 404(b) when such evidence lacks a nexus in time and place to the offenses charged. See United States v. Thompson, 30 M.J. 99, 101-02 (C.M.A.1990) (advocating instruction to preempt prejudice where nexus lacking); United States v. Thomas, 11 M.J. 388, 392 (C.M.A.1981) (noting obligation to give instruction where nexus lacking); United States v. James, 5 M.J. 382, 383 (C.M.A.1978) (instruction required absent “immediate relation” to charged offenses); see also United States v. Anderson, 36 M.J. 963, 982 (A.F.C.M.R.1993) (requiring limiting instruction absent nexus).
No such sua sponte duty has been specifically established for Mil. R. Evid. 413 evidence. Because Rule 413 is a Congressionally-authorized, broad exception to Rule 404(b)’s prohibition against the use of propensity evidence “to show action in conformity therewith,” we will not adopt the Rule 404(b) uncharged misconduct nexus test.[10] Although evidence admitted under Rule 413 is also in the nature of uncharged misconduct, it comprises “offenses of sexual assault” as that term is defined in Mil. R. Evid. 413(d)(l)-(5). Unlike Rule 404(b) evidence, Rule 413 “specifically allows court members to use the extrinsic misconduct as evidence of the accused’s propensity to commit the charged sexual assault.” Saltzburg et al., supra, at 4-205; see Wright, 53 M.J. at 480. Furthermore, Rule 413 evidence “may be considered for its bearing on any matter to which it is relevant.” Mil. R. Evid. 413(a) (emphasis added).
Today, we place a limited sua sponte duty on military judges when Rule 413 evidence is admitted. Without guidance regarding the proper use of Rule 413 evidence of other sexual assaults, panel members would be left to guess how that evidence should impact their decision regarding findings on the offenses charged. Moreover, a misunderstanding of the appropriate use of that evidence may create error when none may otherwise exist.[11] An appellate court would also be *579 unable to determine upon which evidence (e.g., “propensity”) a panel based its findings of guilty. We find the duty to provide this guidance is included in the role of a military judge who “is more than a mere referee, and as such [she] is required to assure that the accused receives a fair trial.” United States v. Graves, 1 M.J. 50, 53 (C.M.A.1975); see R.C.M. 801 (military judge’s responsibilities).
Therefore, for all cases tried on or after ninety days from the date of this opinion, where a military judge properly admits Mil. R. Evid. 413 evidence, she shall inform panel members of the following: (1) the accused is not charged with this other sexual assault offense; (2) the Rule 413 evidence should have no bearing on their deliberations unless they determine the other offense occurred; [12] (3) if they make that determination, they may consider the evidence for its bearing on any matter to which it is relevant in relation to* the sexual assault offenses charged; (4) the Rule 413 evidence has no bearing on any other offense charged; (5) they may not convict the accused solely because they may believe the accused committed other sexual assault offenses or has a propensity or predisposition to commit sexual assault offenses; (6) they may not use Rule 413 evidence as substitute evidence to support findings of guilty or to overcome a failure of proof in the government’s case, if any; (7) each offense must stand on its own and they must keep the evidence of each offense separate; and (8) the burden is on the prosecution to prove the accused’s guilt beyond a reasonable doubt as to each and every element of the offenses charged.[13]
We further hold that military judges should not unnecessarily highlight to panel members—absent a specific request from counsel—that Rule 413 evidence may be properly used to show a “propensity to engage in sexual assault.” However, the military judge’s instruction in this case does not rise to the level of an abuse of discretion; she accurately, fairly, and dispassionately described the evidence and its uses while remaining impartial. See R.C.M. 920(e) discussion.
Even if the military judge abused her discretion by instructing members on the uses of Rule 413 evidence, any resulting error was nonconstitutional and harmless because it did not have a substantial influence on the findings. See Gibson, 58 M.J. at 7. The government’s case was strong even absent evidence of the prior sexual assault. Specialist L testified that when she awoke, appellant was on top of her and “inside” her; she “felt his penis inside [her] vagina” and “it hurt [her] vagina ... really bad.” Specialist CH and SPC BH testified that SPC L told them about this incident the night after it happened. Furthermore, appellant admitted in a sworn statement he did not know if he had sex with SPC L, “but [they] must have if she said [they] did.” Appellant also admitted he thought he had sex with SPC L “because [he did not] think she would make this up.” Specialist BH testified that appellant “didn’t outright say” he had sex with SPC L, but while in SPC BH’s room, appellant told SPC L “that they could go to the clinic and get tested for [sexually transmitted diseases] the next week.”
Furthermore, the Rule 413 prior sexual assault evidence at issue consisted of SPC L’s apparently unemotional description of appellant’s acts comprising only fourteen lines in the trial transcript. The defense exploited this evidence to its own advantage to attack SPC L’s credibility on cross-examination. Moreover, the government did not mention the prior sexual assault evidence in its opening statement or closing argument on findings. The military judge provided a perfectly correct statement of the law, her instruction did not rise to an abuse of discre *580 tion, and if her instruction was erroneous, the error was harmless.
CONCLUSION
We have reviewed the matters personally raised by appellant under United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.
The findings of guilty and the sentence are affirmed.
Senior Judge JOHNSON and Judge WALBURN concur.
APPENDIX
In a contested case with panel members in which the accused is charged with a sexual assault offense and evidence of the accused’s commission of other sexual assault offenses is properly admitted under Military Rule of Evidence 413 prior to findings—as an exception to the general rule excluding such evidence—the military judge should give appropriately tailored instructions.
(NOTE: Those portions in bold lettering are required instructions when such evidence is admitted into evidence. The other portions are discretionary instructions and should be given when requested by counsel and when otherwise raised by the evidence.)
You have heard evidence concerning allegations that the accused may have committed (another) (other) uncharged offense(s) of sexual assault. The accused is not charged with (this) (these) other offense(s) involving (this) (these) individual(s). This evidence should have no bearing on your deliberations unless you determine (this) (these) event(s) occurred. If you determine by a preponderance of the evidence that the other uncharged offense(s) occurred, you may consider the evidence for its bearing on any matter to which it is relevant in relation to the _ charged offense(s). (It has no bearing on any of the other offenses charged.)
You may also consider the evidence of such other act(s) of sexual assault for (its) (their) tendency, if any, to show the accused’s propensity to engage in sexual assault, as well as (its) (their) tendency, if any, to (-):
(NOTE: The military judge should only include the following additional factors when requested by counsel and when they are supported by the evidence and facts in the case at bar. The military judge, at his or her discretion, may also include any additional factors for the panel to consider, upon counsel request.)
(identify the accused as the person who committed the offense(s) alleged in -)
(prove a plan or design of the accused to -)
(prove knowledge on the part of the accused that_)
(prove that the accused intended to -)
(show the accused’s awareness of (his)(her) guilt of the offense(s) charged)
(determine whether the accused had a motive to commit the offense(s))
(show that the accused had the opportunity to commit the offense(s))
(rebut the contention of the accused that (his)(her) participation in the offense(s) charged was the result of (accident) (mistake) (entrapment))
(rebut the issue of _raised by the defense); (and) (_)
You may not, however, convict the accused solely because you believe (he)(she) committed (this) (these) other offense(s) (or solely because you believe the accused has a propensity to engage in sexual assault.)
You may not use this evidence as a substitute for evidence that the accused actually committed the crimes for which (he)(she) stands charged. In other words, you cannot use this evidence to overcome a failure of proof in the government’s case, if you perceive any to exist, as the accused may be convicted of an offense only if you are satisfied the government has proven every *581 element of each charged offense beyond a reasonable doubt.
Each offense must stand on its own and you must keep the evidence of each offense separate. The burden is on the prosecution to prove the accused’s guilt beyond a reasonable doubt as to each and every element of (each) (the) offense(s) charged.

. In his other assignment of error, appellant asserts the evidence is factually insufficient to support a finding of guilty to rape. During oral argument and in supplemental pleadings to this court, appellate defense counsel argue the government failed to "demonstrate that appellant was penetrating [Specialist (SPC) L], specifically with his penis.” We disagree and find appellant's various inculpatory statements (written and oral statements made to other witnesses) and the victim's testimony that she “felt [appellant's] penis inside [her] vagina” and "it hurt [her] vagina” meet factual sufficiency requirements. After “weighing the evidence of record and making allowances for not having personally observed the witnesses, we are convinced of appellant's guilt beyond a reasonable doubt." United States v. Gilchrist, 61 M.J. 785, 793 (Army Ct.Crim.App.2005) (citing United States v. Turner, 25 M.J. 324, 325 (C.M.A.1987)).

. On 22 March 2006, we heard oral argument in this case at The Judge Advocate General’s Legal Center and School in Charlottesville, Virginia.

. Military Rule of Evidence 404(b) is entitled "Character evidence not admissible to prove conduct; exceptions; other crimes.” This rule provides for limited admissibility of evidence of "other crimes, wrongs, or acts" to show “motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” Such evidence, however, may not be used to prove an accused's character and to argue he acted “in conformity therewith.” Id.

. See United States v. Green, 50 M.J. 835, 839 (Army Ct.Crim.App.1999) (“[I]n the Army, a military judge is required to conduct a [Mil. R. Evid.] 403 balancing test prior to admitting evidence ... under [Mil. R. Evid.] 413 ....”). We encourage the trial judiciary to incorporate the balancing test described in Wright into the Dep't of Army, Pam. 27-9, Legal Services: Military Judges’ Benchbook [hereinafter Benchbook] (15 Sept. 2002).

. We find the initial defense declination at trial of the limiting instruction equates to a timely objection and satisfies the requirements of Mil. R. Evid. 103(a).

. See Wright, 53 M.J. at 480.

. See R.C.M. 916(c)-(k); United States v. Wolford, 62 M.J. 418, 420, 422 (C.A.A.F.2006) ("If there is ‘some evidence’ of a possible defense ... the military judge is duly bound to give an instruction even if the instruction was not requested by the parties;" however, the instruction may be waived "by affirmative action of the accused’s counsel.”) (internal quotations and citations omitted); United States v. McDonald, 57 M.J. 18, 20 (C.A.A.F.2002) ("Even though not requested, a military judge has a sua sponte duty to give certain instructions when reasonably raised by the evidence.... When an affirmative defense is raised by the evidence, an instruction is required.”); United States v. Taylor, 26 M.J. 127, 129-30 (C.M.A.1988) (citing United States v. Jackson, 12 M.J. 163, 166-67 (C.M.A.1981) and concluding military judge has sua sponte duty to instruct on affirmative defenses, even in the absence of a defense request, "whenever 'some evidence’ is presented to which the fact finders might ‘attach credit if' they so desire").

. As Mil R. Evid. 103(a) ("Ruling on evidence ... Effect of erroneous ruling") sets forth, for our court to find evidentiary rulings erroneous, such rulings—admitting or excluding evidence—must materially prejudice a substantial right of a parly and the record must reflect a timely objection to the evidence admitted or an offer of proof regarding the evidence excluded. See also UCMJ art. 59(a) (requiring a finding of material prejudice to a substantial right). Military Rule of Evidence 103(d) ("Ruling on evidence ... Plain error”) states an appellate court may find plain error in evidentiary rulings where material prejudice exists but the erroneous ruling was not previously brought to the military judge’s attention.

. Based upon our holding in appellant’s case, we need not use this Mil. R. Evid. 404(b) standard (the nexus test) to analyze the military judge's decision to instruct panel members over defense objection.

. See, e.g., United States v. Myers, 51 M.J. 570, 582 (N.M.Ct.Crim.App.1999) ("The judge’s instructions[, absent a defense-requested spill-over instruction,] provided the members with abso *579 lutely no guidance whatsoever for how they should view the two separate sets of sexual assault charges ... rendering] it impossible for these fact-finders to not cumulate the evi-dence____").

. The military judge in appellant’s case did not inform the panel members that they must determine the other sexual assault occurred. However, this is not an issue since the parties do not dispute the prior incident occurred, as described by the victim.

. We also suggest the instruction included as an appendix to this opinion be added to the Bench-book.