# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant GENE N. WILLIAMS**
**United States Army, Appellant**

ARMY 20130582

Headquarters, Fort Bragg
Karin G. Tackaberry, Military Judge (arraignment and pretrial motions)
Tara A. Osborne, Military Judge (pretrial motions)
Stephen E. Castlen, Military Judge (trial)
Colonel Paul S. Wilson, Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (recommendation)
Lieutenant Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate (addendum)

For Appellant:  Captain Patrick A. Crocker, JA; Frank J. Spinner, Esq. (on brief); Captain Patrick J. Scudieri, JA; Frank J. Spinner, Esq. (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien (on brief).

29 February 2016

----------------------------------
OPINION OF THE COURT
----------------------------------

WOLFE, Judge:

A general court-martial composed of officer and enlisted members convicted appellant, contrary to his pleas, of one specification of rape on divers occasions, four specifications of forcible sodomy (three of which were on divers occasions), and five specifications of assault consummated by battery (three of which were on divers occasions), in violation of Articles 120, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, 928 (2000; 2006).  The court-martial sentenced appellant to a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the reduction, forfeiture, and confinement portion of the adjudged sentence, but approved only a bad-conduct discharge.

This case is now before us for review pursuant to Articles 66(c) and 73, UCMJ. On appeal, appellant assigns two errors, one of which merits discussion but not relief. Additionally, appellant submitted a petition for a new trial *pro se* and raises thirty-seven issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982),[1] none of which merits discussion or relief.

## I. BACKGROUND

The allegations against appellant were levied by appellant's ex-wives, SW and TW. Both testified to violent marriages that involved rape (in the case of TW) and forcible anal sodomy and battery (in the case of SW).

On 10 November 2011, prior to trial, the government provided timely notice to the defense of its intent to offer evidence of the offenses against each woman as propensity evidence that appellant committed the charged offenses against the other. That is, the government intended to use evidence that appellant committed each sexual offense against one victim as evidence that appellant committed every other sexual offense against the other victim. In response, on 30 January 2012, the defense filed a timely motion asking the military judge to preclude the government from offering evidence "for the purpose of showing propensity of the accused to commit other charged offenses."

At an Article 39(a), UCMJ, session held on 21 March 2012, the military judge discussed the matter with both parties. The military judge confirmed that the government was not seeking to admit evidence of uncharged misconduct under Military Rule of Evidence [hereinafter M.R.E.] 413. That is, any evidence that was the subject of the motion was also evidence of a charged offense. Accordingly, the military judge noted that the question was not whether the evidence would be admissible, but rather the question turned on the purposes for which the evidence would be considered. The defense counsel appeared to agree with the military judge that this was an instructional issue, not a matter of whether the evidence was admissible:

> MJ: So this is really an issue of whether or not I'm going
> to grant or I'm going to give an unmodified spillover
> instruction to the panel or whether or not I'm going to
> give an instruction to the panel about how they may use

---

[1] Appellant raised three matters under *Grostefon* in his initial brief. We subsequently granted appellant's motion to file an additional thirty-four matters out of time. While we are able to fully consider appellant's additional matters, they were disorganized, poorly written, and would have benefited from additional attention from counsel. *See Grostefon*, 12 M.J. at 435 ("Thus, the proper procedure for appellate defense counsel, after consultation with the accused, is to identify the issue to the appellate court and to supply such briefs and argument as he feels will best advance his client's interest.").

> the offenses vis-à-vis each other to show some type of
> propensity for sexual assaults.
>
> ADC:  Yes, Your Honor.
>
> MJ:  And that's solely the issue here with this motion as I
> understand it?
>
> ADC:  Yes, Your Honor.

While the defense asked for a pretrial ruling, the military judge indicated that the issue was not ripe and could be more properly addressed when discussing how to instruct the panel.  The military judge did not explicitly rule on the motion.[2]

After the close of evidence, the military judge held a session under Article 39(a), UCMJ, to discuss instructions.  He informed the parties he intended to give an instruction on "propensity" and provided an opportunity for the parties to object and request additional instructions.  The defense requested an additional instruction, objected to the military judge's intent to instruct on a lesser-included offense, but did not object to the military judge's intent to instruct the members on propensity evidence.  The military judge then provided to the parties a written draft copy of his instructions, which included an instruction on propensity evidence under M.R.E. 413.  After a nearly two-hour recess, the defense renewed its objection to instructing on a lesser-included offense and proposed specific changes to those parts of the military judge's instructions that addressed uncharged misconduct (pursuant to M.R.E. 404(b)), but did not object to the military judge's decision to instruct the panel under M.R.E. 413.  After the military judge instructed the panel, he specifically asked if either party objected to the instructions as given.  Again, neither side made any objection.

Specifically, the military judge instructed the panel that:

> Evidence that the accused committed rape on divers
> occasions alleged in The Specification of Charge I may
> have no bearing on your deliberations in relation to any of
> the allegations of forcible sodomy in the Specifications of
> Charge II unless you first determine by a preponderance of
> the evidence that [it] is more likely than not that the
> offenses alleged in The Specification of Charge I
> occurred.  If you determine by a preponderance of the
> evidence the offenses alleged in The Specification of
> Charge I occurred, even if you're not convinced beyond a

---

[2] We note that a different military judge presided over the motions session than at trial.

3

> reasonable doubt that the accused is guilty of those offenses, you may nonetheless then consider the evidence of those offenses for its bearing on any matter to which it is relevant in relation to the forcible sodomys [sic] alleged in Charge II. You may also consider the evidence of such other acts of sexual assault for its tendency, if any, to show the accused's propensity or predisposition to engage in sexual assault.
>
> You may not, however, convict the accused solely because you believe he committed these other offenses or solely because you believe the accused has a propensity or predisposition to engage in sexual assault. In other words, you cannot use this evidence to overcome a failure of proof in the government's case, if you perceive any to exist. The accused may be convicted of an alleged offense only if the prosecution has proven each element beyond a reasonable doubt.
>
> Each offense must stand on its own and proof of one offense carries no inference that the accused is guilty of any other offense. In other words, proof of one sexual assault creates no inference that the accused is guilty of any other sexual assault. However, it may demonstrate that the accused has a propensity to commit that type of offense. The prosecution's burden of proof to establish the accused's guilt beyond a reasonable doubt remains as to each and every element of each offense charged. Proof of one charged offense carries with it no inference that the accused is guilty of any other charged offense.

Interestingly, the military judge did not provide a similar detailed M.R.E. 413 propensity instruction regarding Charge II (forcible sodomy) and its specifications and how those offenses could be used by the panel in relation to its deliberations on the Specification of Charge I (rape) or with respect to individual specifications within Charge II. *See United States v. James*, 63 M.J. 217, 221-22 (C.A.A.F. 2006) ("[T]he 'one or more offenses' language of M.R.E. 413 and M.R.E. 414 is no more temporally restrictive than the "other crimes" language of M.R.E. 404(b)" which generally is *not limited* to prior acts.).

On appeal, appellant argues the military judge committed error when he instructed the panel on propensity evidence without making an explicit ruling under M.R.E. 413.

## II. LAW

Under M.R.E. 413, in any case where an accused is charged with a sexual offense, evidence of an accused's commission of another sexual offense "is admissible and may be considered for its bearing on any matter to which it is relevant." Mil. R. Evid. 413(a). Appellant points us to *United States v. Myers*, 51 M.J. 570 (N.M. Ct. Crim. App. 1999), for the proposition that it is improper to use M.R.E. 413 as a vehicle to show that evidence of an accused's commission of a charged offense may be used to demonstrate the propensity to commit another charged offense. However, in an opinion published subsequent to appellant's filing, the Navy-Marine Court of Criminal Appeals explicitly rejected *Myers*. *United States v. Bass*, 74 M.J. 806, 816 (N.M. Ct. Crim. App. 2015). Recently, this court similarly determined that evidence under M.R.E. 413 applies to both uncharged and charged misconduct. *United States v. Barnes*, 74 M.J. 692 (Army Ct. Crim. App. 2015), *pet. denied*, 75 M.J. 27 (C.A.A.F. 28 Jul. 2015); *see also United States v. Hills*, ARMY 20130833, 2015 CCA LEXIS 268 (Army Ct. Crim. App. 25 Jun. 2015) (mem. op.) *review granted*, 2016 CAAF LEXIS 55 (C.A.A.F. 19 Jan. 2016).[3]

Before admitting evidence under M.R.E. 413, several threshold findings are required.[4] They are: 1) that the accused is charged with an offense of sexual assault;

2) that the evidence proffered is "evidence of the defendant's commission of another offense of . . . sexual assault"; and 3) as with all evidence, the evidence must have the "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000); Mil. R. Evid.

---

[3] *Hills* involved the use of M.R.E. 413 evidence to show the appellant's propensity "involving three charged sexual offenses . . . against the same victim in the same place during an approximate two-hour window of opportunity." 2015 CCA LEXIS 268 at *18. Although not presented by this case, as offenses become closer in time and space, the concept of propensity begins to merge with intent and ultimately with the *res gestae* of the offense.

[4] The posture of the rule suggests that the burden is first on the defense to object to the consideration of evidence under M.R.E. 413. The rule, for example, requires the government to provide notice to the defense but does not require notice to the court. Mil. R. Evid. 413(b). Additionally, the rules of evidence do not require a moving party to file a motion to admit evidence that "is admissible" under the rules. Mil. R. Evid. 402; Mil. R. Evid. 413(a). However, our superior court has indicated that the trial judge must make "threshold" findings before admitting evidence under M.R.E. 413. *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000). It is unclear whether *Wright* intended for this to be a *sua sponte* requirement placed on the military judge (which would inferably require the government to provide notice to the court) or whether these threshold findings are necessary only upon a motion by the defense to exclude the evidence.

413(a); Mil. R. Evid. 401; Mil. R. Evid. 402. "Additionally, the court must apply a balancing test under M.R.E. 403." *Wright*, 53 M.J. at 482. In other words, evidence submitted under M.R.E. 413 must be both logically relevant under M.R.E. 401 and 402 and legally relevant under M.R.E. 403.

In *Wright*, our superior court identified a non-exhaustive list of some of the things a court should consider when conducting a M.R.E. 403 balancing test in this context. These factors include: 1) the strength of the evidence of the other act; 2) the probative weight of the evidence; 3) the potential for less prejudicial evidence; 4) the distraction of the factfinder; 5) the time needed for proof of the prior conduct; 6) temporal proximity; 7) frequency of the acts; and 8) presence or lack of intervening circumstances and the relationship between the parties. *Id.* at 482.

"[T]he judge has substantial discretionary power in deciding on the instructions to give." *United States v. Damatta-Olivera*, 37 M.J. 474, 478 (C.M.A. 1993). We review a military judge's non-mandatory panel instructions for an abuse of discretion and the correctness of the instructions actually given *de novo*. *United States v. Davis*, 75 M.J. 537 (Army Ct. Crim. App. 2015); *see also United States v. Forbes,* 61 M.J. 354, 358 (C.A.A.F. 2005). In a case of unpreserved error when there was no objection to the instructions, we review for plain error. *United States v. Payne*, 73 M.J. 19, 22-23 (C.A.A.F. 2014) ("Where there is no objection to an instruction at trial, we review for plain error.").

In evaluating non-constitutional error, we must determine whether the instructional error had "substantial influence" on the findings. *United States v. Gibson,* 58 M.J. 1, 7 (C.A.A.F. 2003) (internal quotation marks omitted) (quoting *Kotteakos v. United States,* 328 U.S. 750, 765 (1946)). However, if we find error such that it rises to a constitutional dimension, we may only affirm the affected findings of guilty if we determine the error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 24 (1967); *United States v. Kreutzer,* 61 M.J. 293, 298–99 (C.A.A.F. 2005). To find instructional error of a constitutional dimension, our court would have to find "a reasonable likelihood that the jury has applied the challenged instruction in a way that violates the Constitution." *Estelle v. McGuire,* 502 U.S. 62, 72 (1991) (internal quotation marks omitted) (quoting *Boyde v. California,* 494 U.S. 370, 380 (1990)).

### III. DISCUSSION

#### A. Standard of Review

As an initial matter, we find that appellant forfeited any instructional error with regards to M.R.E. 413 by repeatedly failing to object to the military judge's instructions. R.C.M. 920(f). While the defense filed a motion requesting a ruling on the permissible use of the M.R.E. 413 evidence, the military judge indicated that the issue was not yet "ripe" as this was an instructional issue. During the fifteen months

that separated the motions session and the military judge's findings instructions,[5] the defense did not again raise the issue of propensity or object to the military judge's instructions on findings. Accordingly, although we consider appellant's assigned error on its merits, we initially review for plain error. As we do not find error, we cannot find plain error. In the present case, appellant complains in his assigned error that the military judge did not articulate his M.R.E. 403 balancing test on the record prior to instructing the members. Of course, had appellant objected to the instruction we would have a developed record on that very issue one way or the other.

*B. The 403 Balancing Test In Cases Not*
*Involving Uncharged Misconduct.*

In a case where the application of M.R.E. 413 involves only charged misconduct, we agree with the military judge that this is not a matter of admissibility, but is rather one of instructions. With regard to charged offenses, the evidence is admissible (or not) regardless of the application of M.R.E. 413. Military Rule of Evidence 413(a) provides that evidence of a commission of sexual assault "is admissible" and may be considered "for its bearing on any matter to which it is relevant." Stated differently, in the case of uncharged misconduct, the focus is on the first part of the sentence (whether the evidence "is admissible?"). Whereas in the case of charged misconduct, the focus is on the latter half of the sentence (for what purposes and for which offenses is evidence—already admitted—relevant, both logically and legally?).

In this case, the military judge was required to conduct an M.R.E. 403 balancing test not to determine the admissibility of the evidence, but rather to address the purposes for which the evidence could be used. If the use of propensity evidence is substantially more prejudicial than probative under M.R.E. 403, the military judge should instruct the panel that they may not consider it for such a purpose. Mil. R. Evid. 105 ("[w]hen evidence which is admissible as to . . . one purpose but not admissible as to . . . another purpose is admitted, the military judge, upon request, shall restrict the evidence to its proper scope and instruct the members accordingly.").[6]

---

[5] The Article 39(a), UCMJ, motions session was held on 21 March 2012. The parties discussed instructions on 20 June 2013.

[6] When instructing members about applying evidence from one offense to other offenses, this type of limiting instruction is often referred to as a "spillover" instruction. *See* Dept. of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], para. 7-17 (10 September 2014).

*C. Applying the M.R.E. 403 Balancing Test to This Case*

Here, as in *Barnes*, the military judge did not articulate his M.R.E. 403 balancing test on the record.[7]  74 M.J. at 699.  Nonetheless, "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007).

As we stated in *Barnes* "[w]hen a military judge is required to conduct a balancing test but does not sufficiently articulate his analysis on the record, his evidentiary ruling will receive less deference on appeal."  *Barnes*, 74 M.J. at 699 (internal citations omitted).  "As the military judge did not address his balancing test on the record, we have nothing to which we can give deference, and so, we will evaluate the use of the evidence based upon the record."  *Id.*; *see also United States v. Berry*, 61 M.J. 91, 96 (C.A.A.F. 2005) ("Where the military judge is required to do a balancing test under M.R.E. 403 and does not sufficiently articulate his balancing on the record, his evidentiary ruling will receive less deference from this court.").

Even a cursory weighing of the *Wright* factors reveals that their application is substantially different when addressing charged vice uncharged misconduct.  When the government seeks to introduce evidence of uncharged sexual offenses, the government must introduce witnesses and evidence that have no direct connection to the charged offenses.  Depending on the facts of the case, the potential for unfair prejudice, confusion of the factfinder, and waste of time may be easily established.  Whereas, when applying M.R.E. 413 to charged offenses—as no new evidence is introduced—such considerations have less significance.  If the evidence is already admitted to prove the charged offense, it is less likely that any application of M.R.E. 413 would cause additional delay or confusion.  *See Barnes*, 74 M.J. at 700 ("Three of these [*Wright*] factors: the potential for less prejudicial evidence; the possible distraction of the fact finder; and the time needed for proof of the prior conduct, are arguably only applicable to the admission of uncharged misconduct and not particularly helpful in a case involving charged misconduct.").  Additionally, in cases where the application of M.R.E. 413 evidence to charged offenses is overly-

---

[7] However, the record amply demonstrates that the military judge was familiar with the proper standard.  During the testimony of appellant's first wife, she described multiple rapes but also gave a detailed description of one circumstance where she was able to fight appellant off.  The defense objected to the testimony of an "attempted rape" as "uncharged misconduct."  In overruling the objection, the military judge put on the record his analysis that an attempted rape was admissible under M.R.E. 413, to include an abbreviated analysis under M.R.E. 401, 402, and 403.  We note that attempted rape is a lesser-included offense of rape.  *See* UCMJ art. 79.

prejudicial, one possible remedy is severance. *See* Rule for Courts-Martial [hereinafter R.C.M.] 906(b)(10).[8]

Weighing the facts in the record under the M.R.E. 403 balancing test, we find that the evidence in question was far more probative than prejudicial. There were substantial similarities between the victims of the charged offenses. Both women were young and married to appellant at the time of the respective offenses. In both marriages, appellant exercised excessive control over their lives by requiring them to wear their hair in a certain manner and limiting their contact with others. Both women described sexual assaults that were preceded by physical abuse and appellant drinking heavily and watching pornographic videos. As witnesses, they testified credibly to an abusive sexual relationship that spanned years and also provided specific examples of appellant's criminal conduct, to include grabbing and pulling their hair to physically control them during sexual intercourse. While appellant's first wife testified to instances of vaginal rape and appellant's second wife described instances of forcible anal sodomy, we find this distinction to be without a meaningful difference under these circumstances. Their testimony provided strong evidence of the offenses and was probative of appellant's propensity to engage in similar conduct.

With regard to time, there is a break of approximately four years and nine months between the charged offenses.[9] While the probative value of M.R.E. 413 evidence tends to dissipate over time, a gap of nearly five years does not significantly diminish the probative weight of the evidence. *See, e.g., United States v. Bailey*, 55 M.J. 38, 41 (C.A.A.F. 2001) (prior sexual misconduct occurring up to ten years prior to the charged offenses admissible under Mil. R. Evid. 413).

In sum, applying the pertinent *Wright* factors, we find the similarities are such that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. The military judge did not err in determining that—in accordance with Mil. R. Evid. 413—the panel could use evidence of appellant's rapes of SW in their deliberations on the sodomy offenses he was charged with committing against TW.

### D. The Military Judge's Instructions

Having determined the military judge did not err in deciding to give an M.R.E. 413 instruction, we must now consider the substance of the instructions that were given.

---

[8] Appellant did not move for severance of the offenses in this case.

[9] Appellant was convicted of raping his first wife on divers occasions between on or about 7 July 2000 and on or about 1 January 2003. The four specifications of forcible sodomy covered a period that began on or about 21 September 2007 and ended on or about 28 March 2011.

In *Barnes*, we noted the instruction given by the military judge was "not a model of clarity," "internally contradictory," and was "nonsensical." *Barnes*, 74 M.J. at 700, 701 n.5. Specifically, we found that instructing panel members that "proof of one offense carries no inference that the accused is guilty of another sexual assault" to be the "opposite" of the purpose of propensity evidence. *Id.* at 700-01 (citing the Benchbook, para. 7-13-1 n.4.2). That is, the military judge in *Barnes* instructed panel members that they could consider M.R.E. 413 propensity evidence and shortly thereafter instructed them that they could not. As we noted in *Barnes*, "Congress has said that in a criminal trial for an offense of sexual assault, it is not improper to draw the inference that the defendant committed this sexual assault because he had the propensity to do so." *Id.* at 701 (quoting *United States v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009)).

However, what we did not specifically address in *Barnes* was that it was *this* court that not only suggested but *required* that exact instruction. *See United States v. Dacosta*, 63 M.J. 575, 583 (Army Ct. Crim. App. 2006) ("Therefore, for all cases tried on or after ninety days from the date of this opinion . . . [the military judge] shall inform the panel members . . . ."). As an appendix to the opinion in *Dacosta,* this court attached a suggested instruction which was then incorporated into the Benchbook with only minimal changes. *Id.* at 584; *See* Benchbook, para. 7-13-1.

As a result, while *Barnes* found the *Dacosta* instruction to be problematic, *Barnes* did not explicitly eliminate the requirement in *Dacosta* for such an instruction. For this reason—and because we find additional concerns with our holding in *Dacosta*—we revisit *Dacosta* today.

In addition to the contradictory language discussed in *Barnes,* in *Dacosta* we also required a military judge to instruct a panel that "the Rule 413 evidence should have no bearing on their deliberations unless they determine the other offense occurred." *DaCosta*, 63 M.J. at 583. In the proposed instruction, we suggested the panel make this determination "by a preponderance of the evidence." *Id. at* 584. If the purpose of that instruction was to tell the panel that they should give no weight to evidence they do not believe to be true, the instruction is obvious to the point of being a truism. Such an instruction would be equally applicable to all forms of evidence. However, our opinion in *Dacosta* went further and mandated "a determination." *Id.* at 583.

The problem with requiring a "determination" by a preponderance is that this would appear to require a finding; either by each member individually or by the panel as a whole. Article 52(c), UCMJ, seems to direct the latter as all "questions to be decided by the members" other than votes on the findings and sentence, "shall be determined by a majority vote." That is, by requiring that the members make a preliminary decision about the weight to be given certain evidence, *Dacosta appears* to require that the panel formally vote on the matter before voting on the ultimate findings of guilt.

10

More concerning is that our opinion in *Dacosta* appears to have been based on a desire to *know* the results of such a determination by the panel. In *Dacosta,* we justified our requirement for the proposed M.R.E. 413 instructions by reasoning that without such instructions "[a]n appellate court would . . . be unable to determine upon which evidence (e.g., "propensity") a panel based its findings of guilty." *Dacosta*, 63 M.J. at 582-83. In other words, we appeared to see a need to know whether the panel members credited the M.R.E. 413 evidence or not. Such a requirement, if that is what *Dacosta* intended, absent a statutory or regulatory basis, *see, e.g.*, R.C.M. 1004(b)(4), is an improper breach of panel member deliberations. *See also* R.C.M. 923 (Impeachment of findings); Mil. R. Evid. 509 (Deliberations of courts and juries). We routinely review the decisions of panels without an accounting of how the panel weighed the evidence. *Cf. United States v. Walters*, 58 M.J. 391, 396 (C.A.A.F. 2003) (requiring such an accounting when the members acquit an accused of some conduct by striking the words "on divers occasions.").

The requirement that a panel make a preliminary determination by a preponderance before considering evidence under M.R.E. 413 likely comes from an application of *Huddleston v. United States*, 485 U.S. 681 (1988). There, a unanimous Supreme Court determined that it was improper for the trial judge to make a preliminary preponderance determination before submitting evidence to the jury that the defendant had committed similar (uncharged) acts.[10] *Id*. at 689. The Court's analysis concluded that the trial court does not make a preliminary ruling but "simply examines all the evidence in the case and decides whether the jury *could* reasonably find the conditional fact . . . by a *preponderance* of the evidence." *Id.* at 690 (emphasis added).

However, *Huddleston* did not require that the jury be *instructed* that they must make a preponderance determination before they may consider the evidence. And, notably, neither this court nor our superior court has ever required such a determination when addressing M.R.E. 404(b) evidence—the military analogue of the federal rule of evidence in question in *Huddleston*. The focus in *Huddleston* was that it is the jury, not the judge, who determines the weight to be applied to the evidence once admitted. In contrast, the judge's role is limited to that of gatekeeper; determining whether a jury "*could* reasonably find" the evidence credible when ruling on admissibility of that evidence. *Id.*

In *United States v. Schroder*, 65 M.J. 49 (C.A.A.F. 2007), our superior court was presented with the issue of how to instruct a panel on issues relating to M.R.E. 413 and M.R.E. 414 and noticeably did not adopt *Dacosta*. Instead, the United States Court of Appeals for the Armed Forces (C.A.A.F.) "note[d]" portions of the

---

[10] *Huddleston* involved application of Federal Rule of Evidence 404(b) ("Crimes, Wrongs, or Other Acts"). 485 U.S. at 685.

*Decosta* instruction, but then pointed out that the 10th Circuit had approved a "different formulation" of the instruction[11] in *United States v. McHorse,* 179 F.3d 889, 903 (10th Cir. 1999). *Id*. at 56, 56 n.4.[12] The C.A.A.F. did, however, emphasize that "where, as here, the members are instructed that M.R.E. 414 evidence may be considered for its bearing on an accused's propensity to commit the charged crime, the members must also be instructed that the introduction of such propensity evidence does not relieve the government of its burden of proving every element of every offense charged [and] the factfinder may not convict on the basis of propensity evidence alone." *Id*. at 56. That is, while instructions are necessary to properly guide a panel on how to consider M.R.E. 413 evidence, the C.A.A.F. did not adopt the requirement for the more lengthy instructions that we promulgated in *Dacosta.*

Accordingly, as the instructions required by *Dacosta* remain problematic in numerous respects,[13] we overturn the requirement for the specific instructions required in that decision.

To be clear, nothing in this opinion removes the requirement that a military judge must provide appropriate instructions to the panel. R.C.M. 920(a). While "the law does not mandate a formulaic instruction," an instruction on M.R.E. 413 or M.R.E. 414 evidence must still inform the panel that: 1) an accused may not be convicted based on propensity evidence alone; and 2) that M.R.E. 413 or M.R.E. 414 evidence does not relieve the government of its burden to prove every element of every offense charged. *Schroder*, 65 M.J. at 56. While the instruction approved by the 10th Circuit in *McHorse* provides an adequate template, having already once waded too far from shore, we decline to mandate any specific wording or contents beyond what our superior court directed in *Schroder.*

---

[11] *McHorse* entailed a jury instruction addressing evidence admitted pursuant to Federal Rule of Evidence 414(a) ("Permitted Uses" of "Similar Crimes in Child Molestation Cases"). 179 F.3d at 903.

[12] *Schroder* involved evidence admitted under M.R.E. 414, which in all relevant respects is the same as M.R.E. 413. 65 M.J. at 52.

[13] The *Dacosta* instructions also require that the panel be instructed that the M.R.E. 413 evidence only be considered on "the sexual assault offenses charged" and that the "evidence has no bearing on any other offense charged." *Dacosta*, 63 M.J. at 583. This is a substantial narrowing of Mil. R. Evid. 413, which clearly states that the evidence "may be considered for its bearing on any matter to which it is relevant." Mil. R. Evid. 413(a). While it will often be the case that the legal relevance of M.R.E. 413 evidence is limited to other sexual assault offenses, our opinion in *Dacosta* did not explain why we definitively limited the scope of M.R.E. 413 in all cases, preventing a case-by-case analysis.

*E. Prejudice*

As discussed above, we find significant problems with the instructions given in this case. As in *Barnes*, however, the instructional error either accrued to the benefit of appellant or had no appreciable effect on the court-martial. To the degree that the instructions were in error, they erred in telling the panel that they could *not* consider propensity evidence. Accordingly, we find beyond a reasonable doubt that appellant was not prejudiced by any instructional error.

## IV. CONCLUSION

The findings and sentence are correct in law and fact and are AFFIRMED.

Senior Judge HAIGHT and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

13