# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant GENE N. WILLIAMS**
**United States Army, Appellant**

ARMY 20130582

Headquarters, Fort Bragg
Karin G. Tackaberry, Military Judge (arraignment and pretrial motions)
Tara A. Osborne, Military Judge (pretrial motions)
Stephen E. Castlen, Military Judge (trial)
Colonel Paul S. Wilson, Staff Judge Advocate (pretrial)
Colonel Michael O. Lacey, Staff Judge Advocate (recommendation)
Lieutenant Colonel Jerrett W. Dunlap, Jr., Staff Judge Advocate (addendum)

For Appellant:  Captain Patrick A. Crocker, JA; Mr. Frank J. Spinner, Esq. (on brief); Captain Patrick J. Scudieri, JA; Mr. Frank J. Spinner, Esq. (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Tara E. O'Brien (on brief).

12 January 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

HERRING, Judge:

On 8 August 2016 the Court of Appeals for the Armed Forces (CAAF) remanded this case to this court for reconsideration of the following issue in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016):

> WHETHER THE MILITARY JUDGE ABUSED HIS
> DISCRETION BY GIVING A MILITARY RULE OF
> EVIDENCE 413 INSTRUCTION TO THE PANEL
> BECAUSE NO EVIDENCE HAD BEEN ADMITTED TO
> THE MILITARY JUDGE FOR 413 PURPOSES.

The facts and circumstances in this case are available in our original opinion *United States v. Williams*, 75 M.J. 621 (Army Ct. Crim. App. 2016). For the reasons stated below, we again AFFIRM the findings and sentence.

In this case, the military judge instructed the panel that if they found that appellant had committed the offense alleged in Specification of Charge I, they could use that finding "on any matter to which it is relevant" including "the accused's propensity or predisposition to engage in sexual assault" with regards to the specifications alleged in Charge II. Here, the military judge's Mil. R. Evid. 413 instruction was improper based on *Hills*. Where an instructional error rises to a constitutional dimension, we review the error to determine if it was harmless beyond a reasonable doubt. *United States v. Kreutzer*, 61 M.J. 293, 298 (C.A.A.F. 2005) (citations omitted).

This case is distinguishable from *Hills* in that the propensity instruction flowed in only one direction. That is, while the judge allowed the panel to consider appellant's commission of the offense in the Specification of Charge I "for its bearing on any matter to which it is relevant in relation to the forcible sodomy alleged in Charge II," no instruction was given that allowed the panel to consider propensity evidence from Charge II when determining appellant's guilt to the single specification of Charge I. Appellant was convicted of the Specification to Charge I without reliance on propensity evidence. In other words, appellant was convicted of the Specification of Charge I, *beyond a reasonable doubt*, without any reliance or taint stemming from propensity.

Thus, as an initial matter, the Specification of Charge I is entirely unaffected by *Hills*. When deliberating on evidence with regards to the Specification of Charge I, the panel was not allowed to consider propensity. Additionally, with regards to the forcible sodomy specifications contained in Charge II, the only propensity evidence the panel was allowed to consider stemmed from a specification *that had been independently proven beyond a reasonable doubt*.

In *Hills*, the CAAF distinguished that case from the case of *People v. Villatoro*, 281 P.3d 390, 400 (Cal. 2012). In *Villatoro*, a propensity instruction stemming from charged offenses was permissible because the offense had to first be proven beyond a reasonable doubt. This, in the CAAF's view, avoided the concerns about eroding the presumption of innocence. Or stated differently, there is no erosion in the presumption of innocence when an offense is first proven beyond a reasonable doubt.

Accordingly, this case is an exception to *Hills*, an exception specifically anticipated by the CAAF in that case. *Hills* at 357; *See also United States v. Guardado*, 75 M.J. 889, 896 n. 9 (Army Ct. Crim. App. 2016) (noting possible exception to *Hills* when an offense is first proven beyond a reasonable doubt). We

find beyond a reasonable doubt that the error, under the circumstances of this case, was harmless and did not contribute to appellant's conviction or sentence.

The findings and sentence are therefore AFFIRMED.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court