# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SCHASBERGER, and LEVIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant MICHAEL L. ESSARY JR.**
**United States Army, Appellant**

ARMY 20170556

Headquarters, Fort Bliss
Michael S. Devine, Military Judge
Lieutenant Colonel Larry W. Downend, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Julie L. Borchers, JA; Major Zachary A. Szilagyi, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Virginia Tinsley, JA; Captain Brian Jones, JA (on brief).

9 August 2019

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

LEVIN, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of adultery, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [UCMJ] . An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of willfully disobeying a superior commissioned officer, one specification of sexual assault, and one specification of wrongful appropriation, in violation of Articles 90, 120, and 121, UCMJ, respectively. The panel acquitted appellant of one specification of sexual assault and one specification of larceny,

charged in violation of Articles 120 and 121, UCMJ.[1] The panel sentenced appellant to be discharged from the service with a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, and to be reduced to the grade of E-1. The convening authority approved the findings and sentence as adjudged.

This case comes before us for review under Article 66, UCMJ. Appellant raises one assignment of error which warrants discussion but no relief.[2] For the reasons below, we find that the military judge did not abuse his discretion in permitting the government to offer evidence of appellant's prior sexual misconduct pursuant to Military Rule of Evidence (Mil. R. Evid.) 413.

## BACKGROUND

In May 2016, appellant and Staff Sergeant (SSG) RK met at Fort Leonard Wood, Missouri, after having communicated through an online dating application. During the course of their relationship, which lasted until in or about August 2016, the two engaged in consensual sexual intercourse several times. On one occasion, however, appellant anally assaulted SSG RK. While engaging in consensual vaginal intercourse, appellant withdrew his penis and penetrated SSG RK's anus. Appellant's conduct occurred after the two soldiers had previously discussed anal sex, and SSG RK had voiced her unwillingness to engage in such an act. After appellant penetrated SSG RK's anus, SSG told him "no" several times. Appellant refused to stop and in fact became more aggressive during the assault.

During his earlier marriage to Ms. LPB, which lasted from 2003 until 2007, appellant forced Ms. LPB to engage in anal sex on numerous occasions. Notwithstanding her unwillingness to participate, expressed through tears and protestations, appellant used his strength to hold her down when she tried to push him away.

The government did not charge appellant with committing sexual misconduct against Ms. LPB. Instead, the government sought to admit the sexual misconduct against Ms. LPB at appellant's court-martial pursuant to Mil. R. Evid. 413. Over defense objection, the military judge permitted the government to elicit testimony from Ms. LPB related to appellant's anal sexual assaults of her. The military judge's Mil. R. Evid. 413 ruling is the basis for appellant's assignment of error.

---

[1] Prior to findings, the military judge, pursuant to Rule for Courts-Martial (R.C.M.) 917, entered a finding of not guilty for one specification of wearing unauthorized insignia, charged in violation of Article 134, UCMJ.

[2] After considering the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find they are without merit.

## LAW AND DISCUSSION

### A. Uncharged Propensity Evidence

The appellant argues the military judge erred when admitting uncharged propensity evidence under Mil. R. Evid. 413. We disagree.

### 1. Admissibility of Uncharged Misconduct

Four Military Rules of Evidence generally govern the relevance and admissibility of evidence of uncharged misconduct. First, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Mil. R. Evid. 401. Relevant evidence is then "admissible unless any of the following provides otherwise: (1) the United States Constitution as it applies to members of the Armed Forces; (2) a federal statute applicable to trial by courts-martial; (3) these rules; or (4) this Manual." Mil. R. Evid. 402(a). "Irrelevant evidence is not admissible." Mil. R. Evid. 402(b). Next, the "military judge may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the members, undue delay, wasting time, or needlessly presenting cumulative evidence." Mil. R. Evid. 403. Finally, while evidence "of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Mil. R. Evid. 404(b).

### 2. Mil. R. Evid. 413

Military Rule of Evidence 413 creates an exception to Mil. R. Evid. 404(b)'s general prohibition against the use of an accused's propensity to commit crimes. Specifically, Mil. R. Evid. 413 permits the military judge to admit evidence that the accused committed "one or more offenses of sexual assault" and that evidence "may be considered on any matter to which it is relevant." Mil. R. Evid. 413(a). "Inherent in [Mil. R. Evid.] 413 is a general presumption in favor of admission." *United States v. Berry*, 61 M.J. 91, 94-95 (C.A.A.F. 2005) (citations omitted).

### 3. Mil. R. Evid. 413 Threshold Requirements

Before admitting evidence under Mil. R. Evid. 413, three initial threshold requirements must be met: "1) the accused [is] charged with an offense of sexual assault; 2) the proffered evidence [is] evidence of the accused's commission of another offense of sexual assault; and 3) the evidence [is] relevant under [Mil. R.

Evid.] 401 and [Mil. R. Evid.] 402." *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013) (citing *Berry*, 61 M.J. at 95; *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000)). For the second prong, the military judge must "conclude that the members could find by a preponderance of the evidence that the offenses occurred." *Id.*

We review a military judge's decision regarding Mil. R. Evid. 413 for an abuse of discretion. *Solomon*, 72 M.J. at 179. "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (citations and internal quotation marks omitted).

Here, the military judge found the threshold requirements were met both on the record and in his detailed written ruling.[3] Regarding the first prong, there is no question that appellant was charged with two specifications of sexual assault. Appellant has conceded as much in this appeal. With respect to the second prong, the military judge correctly determined that the panel could find, by preponderance of the evidence, that appellant committed the sexual offense of forcible sodomy against Ms. LPB. As discussed in greater detail below, Ms. LPB initially stated to law enforcement officials that the acts were consensual "as she was trying to be a good submissive wife." However, Ms. LPB further explained that she had never wanted to engage in anal sex, told appellant to stop when he sodomized her, and he became more aggressive when she tried to get him to cease. These facts taken together are sufficient for the military judge to have determined that a panel could find by a preponderance of the evidence that these sexual offenses occurred. *See Solomon*, 72 M.J. at 179 (citing *Wright*, 53 M.J. at 483). As for the third prong, the military judge correctly concluded that the evidence of forcible sodomy against Ms. LPB was relevant under Mil. R. Evid. 401 and 402.

Thus, the military judge correctly concluded the evidence met all three Mil. R. Evid. 413 threshold requirements.

### 4. *Mil. R. Evid. 403 Balancing Test and the Wright/Berry Factors*

Once the evidence meets the three threshold requirements under Mil. R. Evid. 413, "the military judge is constitutionally required to also apply a balancing test under [Mil. R. Evid.] 403" to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Solomon*, 72 M.J. at 179-80 (citing *Berry*, 61 M.J. at 95). When conducting this balancing test, "the military judge should consider the following non-exhaustive factors:" (1) strength of

---

[3] The military judge included his nineteen-page factual findings as Appellate Exhibit XXXVII (sealed).

proof of the prior act; (2) probative weight of the evidence; (3) potential for less prejudicial evidence; (4) distraction of the factfinder; (5) time needed for proof of the prior conduct; (6) temporal proximity; (7) frequency of the acts; (8) presence or lack of intervening circumstances; and (9) the relationship between the parties. *Id.* at 180 (citing *Wright*, 53 M.J. at 482).

If the "balancing test requires exclusion of the evidence, the presumption of admissibility [that is inherent within Mil. R. Evid. 413] is overcome." *Berry*, 61 M.J. at 95 (citing *Wright*, 53 M.J. at 482-83). "When a military judge articulates his properly conducted [Mil. R. Evid.] 403 balancing test on the record, the decision will not be overturned absent a clear abuse of discretion." *Solomon*, 72 M.J. at 180 (citing *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)).

The military judge properly considered all of the following factors and correctly determined that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice.

### a. Strength of Proof of the Prior Act

In his written findings addressing the first *Wright* factor, the military judge determined that:

> [W]hen taken in context of the totality of her two detailed interviews with CID which were, undoubtedly quite embarrassing to participate in, it is plainly apparent that the conduct of the Accused towards Ms. [LPB] constitute[d] sexual assaults/forcible sodomy. During the anal penetration, she told the Accused to stop, cried throughout every assault, and ended up bleeding from her anus as a result of at least one assault. The former spouse . . . does not seem to have any motive to lie regarding these matters as she is not seeking divorce or custody benefits, and she was not looking to report these past offenses. She only came forward with this report when contacted by CID agents as part of their investigation into the charged offenses in this case. Had she been bitter, vengeful, or spiteful, she could have brought these reports forward at any time in the last decade. [Ms. LPB's] testimony is detailed in both the conduct of the Accused and the dialogue between them relating to the acts. Her statements have many hallmarks of reliability including their consistency, lack of motive to fabricate, reasonable statements explaining her actions, the lack of minimization of her own conduct, and detailed admissions

regarding embarrassing details of her intimate life with her former husband. All of that shared on two occasions with agents she does not know and with no apparent benefit to her for providing such information and enduring such painful memories that she would, undoubtedly, preferred not to have been called upon to relive.

For all of the reasons stated by the military judge above, we find that this factor weighed heavily in favor of admission of the evidence.

### b. Probative Weight of the Evidence

In addressing the probative weight of the evidence, the military judge stated that the evidence was probative "of the accused's propensity to commit . . . the offense of forcible sodomy." He concluded this evidence was particularly strong for the following reasons: The acts involving SSG RK and Ms. LPB were remarkably similar; in both cases, the appellant was in serious romantic relationships with the victims; the acts occurred shortly after the relationships began; the forcible sodomy took place along with acts of consensual vaginal sex; and that both victims told appellant to stop, and yet he persisted. Finally, the military judge correctly concluded that "[i]n both cases, the Accused minimized his assaultive behavior after the fact with dismissive comments to the alleged victims."

We agree with the military judge's assessment of the probative value of this evidence. The conduct during these incidents involving SSG RK and Ms. LPB was strikingly similar, making the evidence highly probative, but not unfairly prejudicial. This type of evidence is exactly what Mil. R. Evid. 413 was intended to admit.

### c. Potential for Less Prejudicial Evidence; Distraction of the Factfinder; Time Needed for Proof of the Prior Conduct

Like the first two *Wright* factors above, we agree with the military judge's conclusion that there was no less prejudicial evidence available. Like the military judge, we find distraction to the factfinder and time needed to prove the prior conduct to be linked because the primary consideration for both was Ms. LPB's testimony only, which, as the judge correctly anticipated, was uncomplicated and not particularly lengthy. The military judge also noted that a limiting instruction, discussed below, would further clarify the proper use of the evidence.

This factor weighed in favor of admission of the evidence.

### d. Temporal Proximity of the Prior Act; Presence or a Lack of Intervening Circumstances

Concerning these *Wright* factors, the military judge's written findings noted that the appellant, who was between 29-33 years old when married to Ms. LPB and 42 years of age at the time of his relationship with SSG RK, was well into his adult years with a presumably fully-formed cognitive and emotional skill set. Both Ms. LPB and SSG RK were also mature adults at the time of the offenses. *See Berry*, 61 M.J. at 96 ("Where a defendant was an adult at the time he committed the prior sexual assault, [the United States Court of Appeals for the Armed Forces] has found incidents occurring more than eight years prior to the charged incident to be relevant under [Mil. R. Evid.] 413") (citations omitted).

The military judge also found that despite the gap of time between the events, there were no intervening circumstances that would diminish the probative value of the evidence.

Again, we agree that this factor weighed in favor of admission.

### e. Frequency of the Acts

The military judge found that the proffered evidence included numerous acts of sexual assaults by anal penetration of Ms. LPB over a four-year period.

This factor also weighs in favor of admission of the uncharged misconduct.

### f. Relationship Between the Parties

The military judge correctly determined that the victims were similar; at the time of the offenses, SSG RK was the appellant's adult girlfriend and Ms. LPB was the appellant's wife.

This factor also weighs in favor of admission.

In total, we find that the military judge properly conducted the Mil. R. Evid. 403 balancing test and neither erred nor abused his discretion by admitting the prior uncharged sexual offenses. His measured analysis on the record and in his written ruling was reasonable and not clearly erroneous.

### B. The Military Judge's Instruction

Once evidence is admitted pursuant to Mil. R. Evid. 413, the panel members must be given appropriate instructions. *United States v. Dacosta*, 63 M.J. 575, 582-83 (Army Ct. Crim. App. 2006). In *Dacosta*, this court placed a duty on military

7

judges to provide specific guidance to panel members. *Id.* The military judge in this case provided the following instructions:

> You have heard evidence that the accused may have committed other sexual offenses, specifically sexual assault by anal sodomy of his ex-wife, Ms. [LPB]. The accused is not charged with these offenses. You may consider the evidence of these other offenses with regard to Specification 2 of Charge II, and to Specification 2 of Charge II only.

> For this specification you may consider such evidence for its bearing on any matter to which it is relevant, to include its tendency, if any, to show the accused's propensity to engage in sexual offenses. However, evidence of another sexual offense on its own is not sufficient to prove the accused guilty of a charged offense. You may not convict the accused solely because you believe he committed another sexual offense or offenses, or solely because you believe the accused has a propensity to engage in sexual offenses. Bear in mind that the government has the burden of prove that the accused committed each of the elements of each charged offense.

The military judge's instructions were clear and proper. *See United States v. Rogers*, 587 F. 3d 816, 822 (7th Cir. 2009) ("Congress has said that in a criminal trial for an offense of sexual assault, it is not improper to draw the inference that the defendant committed this sexual offense because he has the propensity to do so.").

## CONCLUSION

For the reasons stated above, we find the military judge did not abuse his discretion in admitting appellant's sexual misconduct against Ms. LPB. Accordingly, the findings and sentence are correct in law and fact and are therefore AFFIRMED.

Judge BROOKHART and Judge SCHASBERGER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

8